Appeal by the mother from an order of the Family Court, Suffolk County (Martha L. Luft, J.), dated September 22, 2015. The order, insofar as appealed from, after a fact-finding hearing, granted the father’s petition to modify a child custody order dated September 5, 2012, so as to award him residential custody of the parties’ children.
 

 Ordered that the order dated September 22, 2015, is affirmed insofar as appealed from, without costs or disbursements.
 

 Modification of an existing custody order is permissible only upon a showing that there has been a change in circumstances to the extent that modification is necessary to ensure the continued best interests of the children (see Matter of Maxwell v Watt, 152 AD3d 693 [2017]; Matter of Vujanic v Petrovic, 125 AD3d 984 [2015]; Matter of Davis v Pignataro, 97 AD3d 677 [2012]). In determining whether such change exists, the court must consider the totality of the circumstances (see Matter of Maxwell v Watt, 152 AD3d at 693; Matter of Connolly v Walsh, 126 AD3d 691, 693 [2015]). “ ‘Weighing the factors relevant to any custody determination requires an evaluation of the credibility and sincerity of the parties involved. Therefore, the hearing court’s credibility findings are accorded deference and its custody determinations will not be disturbed unless they lack a sound and substantial basis in the record’ ” (Matter of Oyefeso v Sully, 148 AD3d 710, 712 [2017], quoting Matter of DeVita v DeVita, 143 AD3d 981, 982 [2016]).
 

 Here, contrary to the mother’s contention, the Family Court’s determination that there had been a change in circumstances warranting the transfer of residential custody to the father in the best interests of the children had a sound and substantial basis in the record and, accordingly, will not be disturbed (see Eschbach v Eschbach, 56 NY2d 167 [1982]; Matter of Oyefeso v Sully, 148 AD3d at 712; Matter of DeVita v DeVita, 143 AD3d at 982-983).
 

 Dillon, J.P., Chambers, Cohen and Iannacci, JJ., concur.