Matter of Romero v Herrera (2020 NY Slip Op 02797)





Matter of Romero v Herrera


2020 NY Slip Op 02797


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
HECTOR D. LASALLE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2018-12947
2018-12950
 (Docket Nos. V-6355-17, V-9425-17)

[*1]In the Matter of Christian Romero, respondent,
v
Hilary . Herrera, appellant. (Appeal No. 1)
In the Matter of Hilary V. Herrera, appellant,
v
Christian Romero, respondent. (Appeal No. 2)


William A. Sheeckutz, East Meadow, NY, for appellant.
Lisa Siano, Merrick, NY, for respondent.
Thomas Persichilli, Deer Park, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from two orders of the Family Court, Nassau County (Ayesha K. Brantley, J.), both dated September 18, 2018. The first order, after a hearing, granted the father's petition for sole legal and residential custody of the parties' child, with parental access to the mother. The second order, after a hearing, dismissed the mother's petition for sole legal and residential custody of the parties' child.
ORDERED that the orders are affirmed, without costs or disbursements.
The parties have one child together, who was born in 2015. Each party petitioned for sole legal and residential custody of the child. After a hearing, the Family Court awarded the father sole legal and residential custody of the child, with parental access to the mother, and dismissed the mother's petition. The mother appeals.
"The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child" (Matter of Turcios v Cordero, 173 AD3d 1048, 1048, citing Eschbach v Eschbach, 56 NY2d 167, 171). "The factors to be considered in determining the custody arrangement that is in the child's best interests include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (Matter of Wood v Lozada, 152 AD3d 531, 532 [internal quotation marks omitted]). " The court's determination depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of [*2]the parents'" (Matter of Toro v Williams, 167 AD3d 634, 635, quoting Matter of Blanco v Corbett, 8 AD3d 374, 374). "The credibility findings of the court are entitled to great weight and should not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Toro v Williams, 167 AD3d at 635, citing Eschbach v Eschbach, 56 NY2d at 173). Here, the Family Court's finding that, under the totality of the circumstances, awarding the father sole legal and residential custody of the child was in the child's best interests has a sound and substantial basis in the record and will not be disturbed.
The mother's remaining contentions are without merit.
Accordingly, we agree with the Family Court's determination granting the father's petition for sole legal and residential custody of the child, and dismissing the mother's petition.
RIVERA, J.P., LASALLE, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court