Matter of Amendola v Maglione (2020 NY Slip Op 07375)





Matter of Amendola v Maglione


2020 NY Slip Op 07375


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-12025
2019-12033
2019-12034
2019-12037
2019-12038
 (Docket Nos. V-1868-10/18P-T)

[*1]In the Matter of Toniann M. Amendola, appellant,
v
Richard J. Maglione, respondent.


Hani M. Moskowitz, Garden City, NY, for appellant.
James P. Curran, Hebron, NY, for respondent.
Roberta Fox, Sea Cliff, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from five orders of the Family Court, Nassau County (Eileen C. Daly-Sapraicone, J.), all dated September 30, 2019. The first and second orders, insofar as appealed from, after a hearing, upon granting the mother's petitions alleging that the father violated a prior order of custody and parental access dated July 21, 2017, failed to impose a sanction against him. The third order, insofar as appealed from, after a hearing, denied that branch of the mother's petition which was to modify the order of custody and parental access dated July 21, 2017, so as to award her sole legal and physical custody of the parties' child. The fourth order, after a hearing, denied, as academic, the mother's separate petition to modify the order of custody and parental access dated July 21, 2017. The fifth order, after a hearing, dismissed the mother's petition alleging that the father violated the order of custody and parental access dated July 21, 2017.
ORDERED that the first, second, and third orders dated September 30, 2019, are affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the fourth and fifth orders dated September 30, 2019, are affirmed, without costs or disbursements.
The parties are the parents of a child born in March 2008. The parties separated in 2009, and the child has resided with the father since 2014. In an order dated July 21, 2017 (hereinafter the July 2017 order), the Family Court, inter alia, awarded the father sole legal and physical custody of the child, permitted the father to relocate with the child from New York to Massachusetts, and awarded parental access to the mother, who continued to reside in Long Island.
Thereafter, the mother filed petitions alleging that the father violated the July 2017 order and seeking to modify that order so as to award her sole legal and physical custody of the child. In five orders, all dated September 30, 2019, made after a fact-finding hearing, the Family Court, [*2]inter alia, granted certain violation petitions filed by the mother, without imposing a sanction on the father, and determined that the mother was not entitled to modification of the July 2017 order so as to award her sole legal and physical custody of the child. The mother appeals.
"'Modification of an existing court-sanctioned custody or [parental access] arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child'" (Matter of Miller v Thompson, 184 AD3d 643, 644, quoting Matter of O'Shea v Parker, 116 AD3d 1051, 1051). The best interests of the child must be determined by a review of the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 171-172). "Since weighing the factors relevant to any custody determination depends to a very great extent upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties, its findings are generally accorded great respect and will not be disturbed unless they lack a sound and substantial basis in the record, or are contrary to the weight of the evidence" (Weisberger v Weisberger, 154 AD3d 41, 51 [internal quotation marks omitted]). Here, the Family Court's determination that it would be in the best interests of the child to remain in the sole legal and physical custody of the father has a sound and substantial basis in the record and will not be disturbed.
"The Family Court has broad discretion in fashioning a remedy in matters of custody and parental access, including the sanction or remedy imposed in response to a violation of a court order" (Matter of Quick v Brown, 176 AD3d 1224, 1225; see Matter of Woodson v Woodson, 163 AD3d 833, 834; Matter of Terry v Borggreen, 6 AD3d 1001, 1002). Here, based on our review of the record, and taking into account the Family Court's ability to observe the witnesses and assess their demeanor at the fact-finding hearing, we decline to disturb the court's determination regarding the appropriate sanction for the father's violations of the July 2017 order (see Matter of Quick v Brown, 176 AD3d at 1225).
MASTRO, J.P., CHAMBERS, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court