Matter of Deondre R. (Annabel R.) (2020 NY Slip Op 07581)





Matter of Deondre R. (Annabel R.)


2020 NY Slip Op 07581


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-10386
 (Docket Nos. N-9592-17, V-16507-17)

[*1]In the Matter of Deondre R. (Anonymous). Administration for Children's Services, petitioner-respondent; Annabel R. (Anonymous), appellant-respondent. (Proceeding No. 1.)
In the Matter of Michael Jude Douglas, respondent-appellant,
and
Annabel Rodriguez, appellant-respondent, et al., respondent. (Proceeding No. 2.)


Larry Bachner, New York, NY, for appellant-respondent.
Daniel P. Moskowitz, Jamaica, NY, for respondent-appellant.
Joel Serrano, Jamaica, NY, attorney for the child.



DECISION & ORDER
In a child neglect proceeding pursuant to Family Court Act article 10 and a related custody proceeding pursuant to Family Court Act article 6, the mother appeals, and the father cross-appeals, from an order of the Family Court, Queens County (Diane Costanzo, J.), dated September 6, 2019. The order, insofar as appealed from, upon a decision of the same court dated August 2, 2019, made after a hearing, granted the father's petition, in effect, to modify a prior order of the Family Court, Bronx County (Valerie A. Pels, J.), dated December 11, 2013, so as to award the father sole custody of the parties' child. The order, insofar as cross-appealed from, upon the decision dated August 2, 2019, made after a hearing, awarded the mother input in the decision-making process for the child.
ORDERED that on the Court's own motion, the notice of appeal from the decision dated August 2, 2019, is deemed a premature notice of appeal from the order dated September 6, 2019 (see CPLR 5520[c]); and it is further,
ORDERED that on the Court's own motion, the notice of cross appeal from the decision dated August 2, 2019, is deemed a notice of cross appeal from the order dated September 6, 2019 (see CPLR 5512[a]); and it is further,
ORDERED that the order dated September 6, 2019, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The father and the mother are the unmarried parents of the subject child, Deondre. [*2]The mother, with whom the child had been residing, was awarded sole custody of the child by the Bronx County Family Court in an order dated December 11, 2013 (hereinafter the Bronx custody order). Subsequently, the father was granted parental access with the child. In May 2017, the Administration for Children's Services commenced a Family Court Act article 10 child neglect proceeding against the mother in Queens County, alleging that she had neglected the child, as well as her three other children by different fathers. By order dated July 17, 2017, the child was released to the father, and thereafter, the mother was granted parental access with the child. By petition dated August 16, 2017, the father petitioned for sole custody of the child, in effect, by seeking to modify the Bronx custody order. On February 15, 2018, the Family Court issued an order of fact-finding without admission upon the mother's consent in the neglect proceeding, finding that she neglected the child. After a hearing was held on the father's custody petition, the court granted the petition, awarding the father sole custody of the child and awarding the mother parental access and input in the decision-making process for the child. The mother appeals and the father cross-appeals. We affirm.
"An order of custody or parental access may be modified only upon a showing that there has been a subsequent change of circumstances such that modification is required to protect the best interests of the child" (Matter of Georgiou-Ely v Ely, 181 AD3d 885, 885; see Matter of Hawkins v Strong, 154 AD3d 753, 753). The best interests of the child are determined by a review of the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 174; Matter of Georgiou-Ely v Ely, 181 AD3d at 885; Matter of Cooper v Nicholson, 167 AD3d 602, 604). While this Court's authority in reviewing a child custody determination is as broad as that of the hearing court, the hearing court's determination will not be disturbed unless it lacks a sound and substantial basis in the record, as such determinations turn in large part on an assessment of the credibility, character, temperament, and sincerity of the parties (see Matter of Pitkanen v Huscher, 167 AD3d 901; Matter of Gooler v Gooler, 107 AD3d 712, 712).
Here, contrary to the mother's contention, the Family Court's determination that there had been a change in circumstances warranting the transfer of custody to the father in the best interests of the child had a sound and substantial basis in the record and, accordingly, will not be disturbed (see Eschbach v Eschbach, 56 NY2d at 167; Matter of Hawkins v Strong, 154 AD3d at 753-754; Matter of Hamilton v Anderson, 143 AD3d 1086, 1089; Matter of Hetherton v Ogden, 79 AD3d 1172, 1175). The circumstances leading to the neglect finding and the finding of neglect were sufficient to satisfy the threshold showing of a change in circumstances since the entry of the Bronx custody order (see Matter of Elisa N. v Yoav I., 170 AD3d 513, 514; Matter of Hamilton v Anderson, 143 AD3d at 1088-1089). The evidence established that the father was the parent who was better able to provide for the child; he had a stable job and a suitable home, whereas the mother was not employed and was living in a shelter with her three other children.
Similarly, contrary to the father's contention, the Family Court's determination that awarding the mother input in the decision-making process is in the best interests of the child has a sound and substantial basis in the record and, accordingly will not be disturbed (see generally Matter of Romero v Herrera, 183 AD3d 747, 747).
The mother's remaining contentions are either unpreserved for appellate review or without merit.
MASTRO, J.P., CHAMBERS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court