Matter of Schellinger v Dunn (2021 NY Slip Op 04142)





Matter of Schellinger v Dunn


2021 NY Slip Op 04142


Decided on June 30, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-13824
 (Docket No. V-21871-13/19B)

[*1]In the Matter of Kevin Michael Schellinger, respondent, 
v
Jennifer Dunn, appellant.


Salvatore C. Adamo, New York, NY, for appellant.
Frederic C. Foster, P.C., Westhampton, NY, for respondent.
Jordan M. Freundlich, Lake Success, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Kathy G. Bergmann, J.), dated January 28, 2020. The order, insofar as appealed from, upon a decision of the same court dated October 25, 2019, made after a hearing, granted the father's petition to modify a prior order of the same court (John H. Rouse, J.) dated January 15, 2014, so as to award him sole custody of the parties' child and specified parenting time to the mother.
ORDERED that the order dated January 28, 2020, is affirmed insofar as appealed from, without costs or disbursements.
The parties, who were never married, are the parents of a child born in November 2012. On January 15, 2014, the parties entered into a stipulation, which was so-ordered by the Family Court, providing that the parties would have joint legal custody of the child, the mother would have residential custody, and the father would have stated parenting time. On April 10, 2019, the father filed a petition seeking modification of the prior order of custody. A hearing commenced on April 22, 2019, and concluded on September 3, 2019. After the hearing, the court issued an order, inter alia, awarding the father sole custody with stated parenting time to the mother. The mother appeals.
Modification of an existing court-sanctioned custody arrangement is permissible "only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child" (Matter of Amendola v Maglione, 189 AD3d 1030, 1031 [internal quotation marks omitted]; see Matter of Miller v Thompson, 184 AD3d 643, 644). The best interests of the child must be determined by a review of the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 172; Matter of Amendola v Maglione, 189 AD3d at 1031).
Since weighing the factors relevant to any custody determination depends to a great extent upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties, the hearing court's findings are generally accorded great [*2]respect and will not be disturbed unless they lack a sound and substantial basis in the record (see Matter of Amendola v Maglione, 189 AD3d at 1031; Matter of Guiracocha v Amaro, 122 AD3d 632, 633). Here, the Family Court's determination that there had been a change in circumstances such that modification of the prior custody order so as to award the father sole custody of the child was warranted to ensure the continued best interests of the child has a sound and substantial basis in the record (see Eschbach v Eschbach, 56 NY2d at 172; Matter of Farran v Fenner, 94 AD3d 1116, 1117).
Accordingly, we affirm the order insofar as appealed from, granting the father's modification petition so as to award him sole custody of the child and specified parenting time to the mother.
LASALLE, P.J., MILLER, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court