Matter of Cook v Perez (2023 NY Slip Op 02122)

Matter of Cook v Perez

2023 NY Slip Op 02122

Decided on April 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2022-03018
 (Docket Nos. V-06039-19/20E/20F/21G/21H/21I/ 21J/21K/21L/21M, V-06040-19/21G/21H)

[*1]In the Matter of Keith F. Cook, respondent,
v
Mirian Perez, appellant. (Proceeding Nos. 1 and 2.)
In the Matter of Mirian Viodelda Perez-Cook, appellant,
v
Keith Frank Cook, respondent. (Proceeding No. 3.)

Thomas R. Villecco, Jericho, NY, for appellant.
Ronna L. DeLoe, Larchmont, NY, attorney for the child Othello C.
Michael Kaszubski, Westbury, NY, attorney for the child Lia C.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Nassau County (Lisa A. Cairo, J.), dated March 9, 2022. The order, insofar as appealed from, upon a decision of the same court also dated March 9, 2022, made after a hearing, granted that branch of the father's petition which was to modify the custody provisions of the parties' judgment of divorce, so as to award him sole decision-making authority over medical issues, to the extent of awarding the father final decision-making authority regarding major medical decisions in the event the parties could not agree, and continued the parties' joint legal custody of the subject children.
ORDERED that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting that branch of the father's petition which was to modify the custody provisions of the parties' judgment of divorce, so as to award him sole decision-making authority over medical issues, to the extent of awarding the father final decision-making authority regarding major medical decisions in the event the parties could not agree, and substituting therefor a provision denying that branch of the father's petition; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The mother and father were married in 2013 and divorced by a judgment of divorce in 2016. The parties are the parents of a son, born in 2006, and a daughter, born in 2014. The judgment of divorce incorporated, but did not merge, a stipulation of settlement, in which the parties agreed to share joint legal custody, with residential custody to the mother. By order dated December 3, 2019, the Family Court, upon the parties' consent, inter alia, directed the mother to have the son immunized and immediately re-enrolled in the Baldwin Union Free School District. By a separate order, also dated December 3, 2019 (hereinafter the December 2019 immunization order), the court, [*2]upon the parties' consent, among other things, directed the mother to have the daughter immunized pursuant to a "catch-up immunization schedule," with the immunizations to be commenced within four weeks of November 13, 2019, and to be completed, for the most part, within three months. In another order, also dated December 3, 2019, the court, upon the parties' consent, modified the parental access provisions of the parties' judgment of divorce (hereinafter the December 2019 parental access order).
In February 2020, the father filed a petition, inter alia, to modify the judgment of divorce so as to award him sole decision-making authority over medical and educational issues. In January 2021, the father filed a petition to modify the judgment of divorce so as to award him sole legal and residential custody of the children. Also in January 2021, the mother filed a petition to modify the parental access provisions of the December 2019 parental access order. Following a hearing on all of the petitions, in an order dated March 9, 2022, the Family Court, upon a decision also dated March 9, 2022, among other things, granted that branch of the father's petition which was to modify the custody provisions of the judgment of divorce, so as to award him sole decision-making authority over medical issues, to the extent of awarding the father final decision-making authority regarding major medical decisions in the event the parties could not agree. The court also continued the parties' joint legal custody of the children. The mother appeals.
"In order to modify an existing court-ordered custody arrangement, there must be a showing of a subsequent change in circumstances so that modification is required to protect the best interests of the child" (Matter of Smith v Francis, 206 AD3d 914, 915 [alterations and internal quotation marks omitted]; see Matter of Walker v Sterkowicz-Walker, 203 AD3d 1165, 1166). "A party seeking the modification of an existing court-sanctioned child custody arrangement has the burden of demonstrating that circumstances have changed since the initial custody determination to the extent that modification is necessary to insure the child's best interests" (Navarrete v Navarrete, 126 AD3d 801, 802 [internal quotation marks omitted]; Matter of Klotz v O'Connor, 124 AD3d 662, 662-663). The best interests of the child must be determined by a review of the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167; Matter of Walker v Sterkowicz-Walker, 203 AD3d at 1167). "Since weighing the factors relevant to any custody determination requires an evaluation of the credibility and sincerity of the parties involved, the hearing court's findings are accorded deference [on appeal]" (Matter of Paige v Paige, 202 AD3d 794, 795 [internal quotation marks omitted]; see Eschbach v Eschbach, 56 NY2d at 173-174). Nevertheless, "this Court's authority in custody determinations is as broad as that of the hearing court, and while we are mindful that the hearing court has an advantage in being able to observe the demeanor and assess the credibility of witnesses, the hearing court's determination will not be affirmed if it lacks a sound and substantial basis in the record" (Matter of Follini v Currie, 176 AD3d 1203, 1205 [citation omitted]; see Matter of Paige v Paige, 202 AD3d at 795).
Here, the Family Court's determination awarding the father final decision-making authority regarding major medical decisions in the event the parties could not agree lacked a sound and substantial basis in the record (see Matter of Paige v Paige, 202 AD3d at 796; Weisberger v Weisberger, 154 AD3d 41, 51-52). With respect to the parties' daughter, the father filed his petition, inter alia, for sole decision-making authority over medical issues on February 18, 2020, slightly more than two months after the court issued the December 2019 immunization order, directing the mother to begin having the daughter immunized within four weeks of November 13, 2019, and requiring the immunizations to be completed for the most part within three months. The record reflects that the daughter's immunizations were timely commenced on December 10, 2019, and were completed within the time mandated or shortly thereafter. The record further demonstrates that the father's complaints, which largely focused on the children missing school and summer camp in 2019 due to not being immunized, were dealt with in a prior proceeding. A review of the record as a whole reveals that the father failed to demonstrate a change in circumstances since the judgment of divorce such that an award of final decision-making authority regarding major medical decisions to the father in the event the parties could not agree was required to protect the best interests of the children. Even assuming that the father had carried his burden of establishing a change in circumstances, considering all the facts and circumstances of this case, his requested modification of the custody provisions of the judgment of divorce was not in the children's best interests (see [*3]Matter of Newton v McFarlane, 174 AD3d 67, 82; Weisberger v Weisberger, 154 AD3d 41, 52).
Contrary to the mother's contention, the Family Court did not err in continuing joint legal custody and in failing to, sua sponte, award her sole custody of the daughter, as the mother did not request such relief in her petition and affirmatively represented during the proceedings that she was not seeking to modify custody (see Matter of Myers v Markey, 74 AD3d 1344, 1345; Matter of Krieger v Krieger, 65 AD3d 1350, 1352).
IANNACCI, J.P., CHAMBERS, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court