Vayner v Vayner (2024 NY Slip Op 02220)

Vayner v Vayner

2024 NY Slip Op 02220

Decided on April 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2022-10304
 (Index No. 50899/11)

[*1]Igor Vayner, respondent, 
v
Izabella Vayner, appellant.

Gina-Marie LoBraico-Reitano, Staten Island, NY, for appellant.
Juan P. Luciano, New York, NY, for respondent.
Harry Chiu, Staten Island, NY, attorney for the child.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment dated December 15, 2020, the defendant appeals from an order of the Supreme Court, Richmond County (Ronald Castorina, Jr., J.), dated August 1, 2022. The order, insofar as appealed from, after a hearing, granted the plaintiff's motion to modify the custody provisions of the parties' judgment of divorce so as to award him sole legal and residential custody of the parties' child.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The parties, who are the parents of a child born in 2007, were divorced by a judgment dated December 15, 2020. The judgment of divorce, upon a decision after trial dated November 25, 2019, awarded sole legal and residential custody of the child to the defendant with parental access to the plaintiff. The child resided with the defendant in New Jersey from 2014 until April or May 2020. Thereafter, the child moved into the plaintiff's home on Staten Island and, in the fall of 2020, began attending a local school there. In June 2021, the plaintiff moved to modify the custody provisions of the judgment of divorce so as to award him sole legal and residential custody of the child. After a hearing, in an order dated August 1, 2022, the Supreme Court, among other things, granted the plaintiff's motion. The defendant appeals.
"In order to modify an existing custody arrangement, there must be a showing of a subsequent change in circumstances so that modification is required to protect the best interest[s] of the child" (Matter of Walker v Sterkowicz-Walker, 203 AD3d 1165, 1166). "The best interests of the child must be determined by a review of the totality of the circumstances" (Matter of Cook v Perez, 215 AD3d 960, 962; see Eschbach v Eschbach, 56 NY2d 167, 171). "Since custody determinations turn in large part on assessments of . . . credibility, character, temperament and sincerity of the parties, the court's determination should not be disturbed unless it lacks a sound and substantial basis in the record" (Matter of Gagos v Delsalto, 213 AD3d 761, 761-762 [internal quotation marks omitted]). "[W]hile the express wishes of the child are not controlling, they are entitled to great weight, particularly where[, as here,] the child's age and maturity would make his or her input particularly meaningful" (Matter of Coull v Rottman, 131 AD3d 964, 964). "The court must also consider the stability and continuity afforded by maintaining the present arrangement" [*2](Matter of Shisgal v Abels, 179 AD3d 1070, 1071 [alterations and internal quotation marks omitted]).
Here, the child moved from the defendant's residence in New Jersey into the plaintiff's residence on Staten Island and began attending a local school approximately one year before the plaintiff moved to modify the custody provisions of the judgment of divorce. Contrary to the defendant's contentions, considering the totality of the circumstances, including the child's wishes, the Supreme Court's determination that the plaintiff demonstrated that there had been a change in circumstances requiring an award of sole legal and residential custody to the plaintiff in order to ensure the best interests of the child has a sound and substantial basis in the record (see Matter of Maxwell v Watt, 152 AD3d 693, 693-694).
Accordingly, we affirm the order insofar as appealed from.
IANNACCI, J.P., GENOVESI, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court