■ MOHEN, CRAIG & TREACY, L. L. P., Respondent, v PAUL COLLURA et al., Appellants. [731 NYS2d 658] —In an action, *inter alia*, to recover damages for breach of contract, the defendants appeal from (1) an order of the Supreme Court, Nassau County (Franco, J.), dated December 7, 2000, which granted the plaintiff's motion for summary judgment on its cause of action to recover damages for breach of contract and to dismiss their counterclaim, and (2) a judgment of the same court, dated December 12, 2000, which is in favor of the plaintiff and against them in the principal sum of $35,068.33.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The plaintiff submitted an affidavit of one of its partners, which set forth the material facts and established that there was no defense to the cause of action alleging breach of contract, and no merit to the defendants' counterclaim. Thus, the plaintiff established its entitlement to judgment in its favor as a matter of law (*see,* CPLR 3212 [b]). The defendants' opposition failed to establish the existence of material issues of fact which would warrant the denial of the motion, as the affirmation of the defendants' attorney was devoid of probative value, and the affidavit of the defendant, Paul Collura,

consisted solely of bare conclusory assertions (*see, Key Bank v Lisi,* 225 AD2d 669).

Contrary to the defendants' contention, that the bills at issue were for attorney's fees does not mandate a hearing to determine the reasonableness of the charges. The defendants failed to rebut the plaintiff's showing that they agreed to pay for the legal services at an hourly rate, were kept apprised of the work being performed, and were sent detailed invoices on a regular basis, none of which was challenged until the plaintiff commenced this action. Thus, the Supreme Court properly awarded the plaintiff damages in the amount sought, without conducting a hearing. Bracken, P. J., Luciano, Feuerstein and Adams, JJ., concur.