■ In the Matter of LESLIE EBERHARD, Appellant, v ELMIRA CITY SCHOOL DISTRICT et al., Respondents. [775 NYS2d 431]—

Lahtinen, J. Appeal from an order of the Supreme Court (Mulvey, J.), entered February 6, 2003 in Chemung County, which denied petitioner's application pursuant to General Municipal Law § 50-e (5) for leave to file a late notice of claim.

Petitioner alleges that, while attending high school in the mid-1980s, she was sexually abused by a teacher employed by respondent Elmira City School District. In December 2002, she filed an application for leave to serve a late notice of claim against the district pursuant to General Municipal Law § 50-e (5). Supreme Court denied the motion. Petitioner appeals.

In order to timely institute a tort action against a school district, a notice of claim must be served within 90 days of accrual and a claim must be served within one year and 90 days of accrual (*see* Education Law § 3813; General Municipal Law §§ 50-e, 50-i; *Schwinghammer v Sullivan W. Cent. School Dist.*, 2 AD3d 1126, 1126-1127 [2003]). An application may be made to extend the period for serving a notice of claim, but the time for doing so is limited to the period of the underlying statute of limitations (i.e., one year and 90 days) unless a toll is established (*see Pierson v City of New York*, 56 NY2d 950, 954 [1982]). Since petitioner was under the age of 18 at the time of the alleged abuse, the statute was tolled until she reached her eighteenth birthday (*see Matter of Scuteri v Watkins Glen Cent. School Dist.*, 261 AD2d 779, 779 [1999]). Petitioner, however, turned 18 on August 1, 1987 and the toll for infancy clearly does not afford a ground for the relief she seeks. She argues, instead, that there are sufficient allegations to necessitate a hearing as to whether the district should be estopped from asserting the statute of limitations or whether the insanity toll of CPLR 208 applies.

"It is the rule that a defendant may be estopped to plead the Statute of Limitations where plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action" (*Simcuski v Saeli*, 44 NY2d 442, 448-449 [1978] [citations omitted]; *see Serkil, L.L.C. v City of Troy*, 259 AD2d 920, 922-923 [1999], *lv denied* 93 NY2d 811 [1999]). Although the teacher reportedly told petitioner that exposing their relationship would embarrass petitioner and cause the teacher to lose her job, there is nothing in the record indicating that the district deceived petitioner in any fashion or that the teacher's representations should be imputed to the district. Indeed, once petitioner agreed to cooperate with the district, charges were

brought against the teacher and her employment with the district was eventually terminated. Accordingly, we find no basis in this record to estop the district from asserting the statute of limitations.

Petitioner's contention that General Obligations Law § 17-103 provides a viable ground for preventing the district from asserting the statute of limitations is meritless. That statute "is applicable only to actions arising out of a contract and requires that the agreement [extending the limitations period] . . . be in writing" (*Kassner & Co. v City of New York,* 46 NY2d 544, 551 [1979]). Petitioner's action did not arise out of a contract, there was no written agreement regarding the statute of limitations and, as previously discussed, the general principles of equitable estoppel (*see* General Obligations Law § 17-103 [4] [b]) do not afford petitioner relief on this record (*see Doe v Roe,* 192 AD2d 1089, 1090-1091 [1993]; *see also State of N. Y. Higher Educ. Servs. Corp. v Zamore,* 59 NY2d 933, 934-935 [1983]).

Nor is the insanity toll of CPLR 208 available under the current circumstances. Such toll is "narrowly interpreted" and is extended "to only those individuals who are unable to protect their legal rights because of an over-all inability to function in society" (*McCarthy v Volkswagen of Am.,* 55 NY2d 543, 548 [1982]; *see Matter of Cerami v City of Rochester School Dist.,* 82 NY2d 809, 812 [1993]). Here, following her graduation from high school in 1987, petitioner attended college, received a degree in education, commenced employment as a teacher, got married and had a child. While the acts of the teacher undoubtedly traumatized petitioner, and a family therapist who treated petitioner in 2001 opined that she had posttraumatic stress disorder, there is no evidence that she was unable to function in society during the entire 15 years from when she left high school to the time she filed this application.

Mercure, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.