█ In the Matter of PAULINE PIPITONE, Appellant, v CITY OF NEW YORK et al., Respondents. [832 NYS2d 230]—

In a proceeding pursuant to General Municipal Law § 50-e (5) to deem a notice of claim timely served or, in the alternative, for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Kings County (Solomon, J.), dated April 28, 2006, which denied the petition and dismissed the proceeding.

Ordered that the order is affirmed, with costs.

The petitioner commenced this proceeding, inter alia, to deem her notice of claim timely, although it was served more than 16 years after the expiration of the statute of limitations applicable to the underlying wrongful death claim (*see* General Municipal Law § 50-i [1]). Her contention that the respondents should be equitably estopped from relying on the expiration of the statute of limitations is without merit. The petitioner produced no evidence indicating that the respondents' personnel who investigated the death of her son either made any affirmative, knowingly false misrepresentation to her upon which she reasonably relied in forgoing the commencement of a timely lawsuit (*see generally Matter of Eberhard v Elmira City School Dist.,* 6 AD3d 971 [2004]; *Fuchs v New York Blood Ctr.,* 275 AD2d 240 [2000];

*Matter of Gross v New York City Health & Hosps. Corp.*, 122 AD2d 793 [1986]), or intentionally concealed relevant information from her prior to the expiration of the limitations period, notwithstanding the existence of a fiduciary relationship requiring that such information be disclosed to her (*see generally Doe v Holy See [State of Vatican City]*, 17 AD3d 793 [2005]; *Mars v Diocese of Rochester*, 6 AD3d 1120 [2004]; *Gleason v Spota*, 194 AD2d 764 [1993]). The wholly conclusory and unsubstantiated allegations by the petitioner's attorney in this regard possessed no probative value (*see Blumenfeld v DeLuca*, 24 AD3d 405 [2005]; *Mohen, Craig & Treacy v Collura*, 287 AD2d 552 [2001]). Therefore, the Supreme Court properly determined that it was without discretion to grant the petition (*see Pierson v City of New York*, 56 NY2d 950 [1982]; *Matter of Eberhard v Elmira City School Dist., supra*; *Jones v City of New York*, 300 AD2d 359 [2002]).

In any event, even if the petitioner had succeeded in establishing an equitable toll of the limitations period, she failed to timely serve her notice of claim once the true facts allegedly became known to her, nor did she establish a reasonable excuse for her delay and a lack of prejudice to the respondents so as to warrant permission to serve a late notice of claim (*see* General Municipal Law § 50-e [5]; *see generally Matter of Henriques v City of New York*, 22 AD3d 847 [2005]; *Matter of Pico v City of New York*, 8 AD3d 287 [2004]; *Alexander v City of New York*, 2 AD3d 332 [2003]; *Matter of Landa v City of New York*, 252 AD2d 525 [1998]; *Matter of Ealey v City of New York*, 204 AD2d 720 [1994]).

The petitioner's contentions with regard to CPLR 215 (8) and EPTL 5-4.1 (2) similarly lacked the requisite factual allegations and evidentiary support (*see generally N.X. v Cabrini Med. Ctr.*, 97 NY2d 247 [2002]; *Campos v City of New York*, 32 AD3d 287 [2006]; *Schilt v New York City Tr. Auth.*, 304 AD2d 189 [2003]; *Ray v Metropolitan Transp. Auth.*, 221 AD2d 613 [1995], *cert denied sub nom. Ray v Willett* 519 US 822 [1996]) and, in any event, were without legal basis (*see Villanueva v Comparetto*, 180 AD2d 627 [1992]; *Jordan v Britton*, 128 AD2d 315 [1987]).

The petitioner's remaining contentions are without merit. Mastro, J.P., Rivera, Dillon and Carni, JJ., concur.