Troy-McKoy v City of New York Parks & Recreation Dept. (2019 NY Slip Op 02036)





Troy-McKoy v City of New York Parks & Recreation Dept.


2019 NY Slip Op 02036


Decided on March 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2019

Sweeny, J.P., Webber, Gesmer, Singh, JJ.


8737 652456/16

[*1]Dervanna H. A. Troy-McKoy, Plaintiff-Appellant,
v
City of New York Parks and Recreation Department, Defendant-Respondent.


Dervanna H. A. Troy-McKoy, appellant pro se.
Zachary W. Carter, Corporation Counsel, New York (Susan Paulson of counsel), for respondent.



Order, Supreme Court, New York County (Alexander M. Tisch, J.), entered June 6, 2018, which granted defendant's motion to dismiss the amended complaint, unanimously affirmed, without costs.
Plaintiff's defamation claims were barred because he did not timely file a notice of claim within 90 days of the July 8, 2011 notice from nonparty Department of Labor denying his application for unemployment benefits based upon the allegedly defamatory information provided by respondent (see General Municipal Law (GML) § 50-e[1][a]). Plaintiff did not seek leave to file a late notice of claim within one-year and 90 days from the date his claims accrued (see Pierson v City of New York, 56 NY2d 950, 954-955 [1982]; Turner v City of New York, 94 AD3d 635 [1st Dept 2012]). That plaintiff ultimately served a notice of claim upon defendant in September 2013 is of no moment, because it was served well after the statute of limitations had expired (see GML 50-e[1], [5]; GML 50-I; Matter of Pipitone v City of New York, 38 AD3d 557 [2d Dept 2007], lv denied 9 NY3d 810 [2007]).
We have considered plaintiff's remaining contentions, including that defendant interfered with his ability to timely file a notice of claim or seek leave to file a late notice within the applicable statute of limitations, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 19, 2019
CLERK