Castro v Rochdale Vil., Inc. (2020 NY Slip Op 04452)





Castro v Rochdale Vil., Inc.


2020 NY Slip Op 04452


Decided on August 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2019-05656
 (Index No. 717503/18)

[*1]John Castro, etc., respondent, 
v
Rochdale Village, Inc., et al., appellants, et al., defendant.


Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Michael T. Reagan of counsel), for appellants.



DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, the defendants Rochdale Village, Inc., and Marion Scott Real Estate, Inc., appeal from an order of the Supreme Court, Queens County (Bruce M. Balter, J.), entered April 30, 2019. The order, insofar as appealed from, denied that branch of the motion of the defendant Rochdale Village, Inc., which was pursuant to CPLR 3211(a)(5), in effect, to dismiss the wrongful death cause of action insofar as asserted against it as time-barred.
ORDERED that the appeal by the defendant Marion Scott Real Estate, Inc., is dismissed as that defendant is not aggrieved by the portion of the order appealed from (see CPLR 5511), and it is further,
ORDERED that the order is reversed insofar as appealed from by the defendant Rochdale Village, Inc., on the law, and that branch of the motion of the defendant Rochdale Village, Inc., which was pursuant to CPLR 3211(a)(5), in effect, to dismiss the wrongful death cause of action insofar as asserted against it as time-barred is granted; and it is further,
ORDERED that one bill of costs is awarded to the defendant Rochdale Village, Inc.
The appeal by the defendant Marion Scott Real Estate, Inc., must be dismissed on the ground that it is not an aggrieved party (see CPLR 5511; Matter of Niagara Mohawk Power Corp. v Green Is. Power Auth., 94 NY2d 891, 892).
In November 2018, the plaintiff, John Castro, as administrator for the estate of John Henry Castro and individually, commenced this action, inter alia, to recover damages for the wrongful death of John Henry Castro (hereinafter the decedent). The plaintiff alleged, among other things, that the defendant Rochdale Village, Inc. (hereinafter the defendant), negligently failed to maintain the safety and security of its premises which caused the stabbing death of the decedent on or about July 18, 2016. Thereafter, the defendant moved, inter alia, pursuant to CPLR 3211(a)(5), in effect, to dismiss the wrongful death cause of action insofar as asserted against it as time-barred. The Supreme Court, among other things, denied that branch of the defendant's motion.
An action for wrongful death must be commenced within two years of the decedent's death (see EPTL 5-4.1[1]). Here, there is no dispute that the decedent died in July 2016. Thus, the [*2]defendant established that the wrongful death cause of action was time-barred as it was brought in November 2018—more than two years after the decedent's death. Contrary to the plaintiff's contention, the section of the EPTL which extends the statute of limitations for wrongful death under certain circumstances is not applicable here (see EPTL 5-4.1[2]; Matter of Pipitone v City of New York, 38 AD3d 557, 558). Specifically, the plaintiff failed to show that a criminal action had been commenced against the defendant in connection with the facts underlying the wrongful death cause of action (see Matter of Pipitone v City of New York, 38 AD3d at 558; see generally Hirt v Mancuso, 82 AD3d 1647, 1648). Thus, the plaintiff failed to raise a triable issue of fact with respect to the statute of limitation (see generally Hirt v Mancuso, 82 AD3d at 1648). Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(5), in effect, to dismiss the wrongful death cause of action insofar as asserted against it as time-barred.
DILLON, J.P., DUFFY, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court