Matter of Shields v Shields (2021 NY Slip Op 01263)





Matter of Shields v Shields


2021 NY Slip Op 01263


Decided on March 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2019-10928 
2021-00083
2021-00084
 (Docket Nos. V-12970/71-17, V-2019/20-18)

[*1]In the Matter of Rohan Shields, respondent,
v
Khadine Shields, appellant. (Proceeding No. 1.)
In the Matter of Khadine Shields, appellant,
v
Rohan Shields, respondent. (Proceeding No. 2.)


Melissa Chernosky, Port Washington, NY, for appellant.
Brooklyn Defender Services, Brooklyn, NY (Kathryn V. Lissy and Adam Evan Schmelkin of counsel), for respondent.
William C. Hoffman, Brooklyn, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from three orders of the Family Court, Kings County (Elizabeth Barnett, J.), all dated August 9, 2019. The first order, after a hearing, in effect, granted the father's petition for sole legal and residential custody of the parties' two youngest children, denied the mother's petition for sole legal and residential custody of the parties' two youngest children, and set forth a schedule of parental access for the mother. The second and third orders (one as to each proceeding) granted the father's petition for sole legal and residential custody of the parties' two youngest children and denied the mother's petition for sole legal and residential custody of the parties' two youngest children.
ORDERED that the orders are affirmed, without costs or disbursements.
"The court's paramount concern in any custody dispute is to determine, under the
totality of the circumstances, what is in the best interests of the child" (Matter of Turcios v Cordero, 173 AD3d 1048, 1049, citing Eschbach v Eschbach, 56 NY2d 167, 171). "A court deciding an initial petition for child custody must consider 'the totality of the circumstances, including, but not limited to, (1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires'" (Matter of Ivory B. v Shameccka D.B., 121 AD3d 674, 674-675, quoting Matter of Supangkat v Torres, 101 AD3d 889, 890). "The existence or absence of any one factor cannot be determinative on appellate review since the court is to consider the totality of the circumstances" (Matter of Wood v Lozada, 152 AD3d 531, 532 [internal quotation marks omitted]). "Inasmuch as a court's custody determination is dependent in large part upon its assessment of the witnesses' credibility and upon the character, temperament, and sincerity of the parents, the court's custody determination will not be disturbed if supported by a sound and substantial basis in the record" (Matter of Turcios v Cordero, 173 AD3d at 1049).
"[J]oint custody is encouraged primarily as a voluntary alternative for relatively stable, amicable parents behaving in mature civilized fashion" (Braiman v Braiman, 44 NY2d 584, 589-590). "However, joint custody is inappropriate where the parties are antagonistic towards each other and have demonstrated an inability to cooperate on matters concerning the child" (Matter of Gorniok v Zeledon-Mussio, 82 AD3d 767, 768 [internal quotation marks omitted]). The record is replete with instances of hostility and antagonism between the parties, indicating that the parties are incapable of putting aside their differences for the benefit of the subject children (see Matter of Timothy M. v Laura A.K., 204 AD2d 325, 326; Janecka v Franklin, 143 AD2d 731, 732). Accordingly, there is a sound and substantial basis for the Family Court's determination that joint custody is not appropriate (see Matter of Gorniok v Zeledon-Mussio, 82 AD3d at 768; Matter of Battista v Fasano, 41 AD3d 712, 713).
Likewise, the record supports the Family Court's determination awarding sole legal and residential custody to the father. Although both parties are loving and fit parents, the subject children had been residing with the father since June 2015, and the mother would need to move to accommodate the children. The father appears to be the parent most likely to guide the children, provide for their overall well being, and foster their relationship with the noncustodial parent. The older child expressed a desire to continue residing with the father, and the younger child, with whom the older child has a close and protective relationship, has resided in the father's home for the majority of the younger child's life. The preference of the older child, while not determinative, is a factor to be considered and is entitled to some weight (see Matter of Lopez v Noreiga, 182 AD3d 551, 553; Matter of Mejia v Llarena, 172 AD3d 720, 722). Moreover, "[c]ourts will not disrupt sibling relationships unless there is an overwhelming need to do so" (Matter of Shannon J. v Aaron P., 111 AD3d 829, 831, citing Eschbach v Eschbach, 56 NY2d at 173).
CHAMBERS, J.P., MILLER, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court