Franklin v Franklin (2021 NY Slip Op 06151)





Franklin v Franklin


2021 NY Slip Op 06151


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
COLLEEN D. DUFFY
BETSY BARROS
PAUL WOOTEN, JJ.


2020-07777
 (Index No. 20311/12)

[*1]Clint Franklin, appellant, 
v
Tricia A. Franklin, respondent.


Burger Green & Min LLP, New York, NY (Nancy M. Green, Michael Banuchis, and Ilysa M. Magnus of counsel), for appellant.
Malillo & Grossman, Flushing, NY (Jawan Finley of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from a judgment of divorce of the Supreme Court, Queens County (Anna Culley, J.), entered September 23, 2020. The judgment of divorce, insofar as appealed from, upon a decision of the same court entered March 2, 2020, made after a nonjury trial, (1) awarded the parties joint legal and physical custody of their children, (2) set a parental access schedule, (3) directed the plaintiff to pay the sum of $2,335.95 per month in basic child support, and (4) directed the parties to pay certain respective pro rata shares of the children's private school tuition, extracurricular activities, unreimbursed medical expenses, and health insurance premiums.
ORDERED that the judgment of divorce is affirmed insofar as appealed from, with costs.
The parties were married in 2009 and have two children together, born in 2012 and 2015, respectively. In October 2012, the plaintiff commenced this action for a divorce and ancillary relief. Following a nonjury trial, the Supreme Court entered a judgment of divorce, inter alia, (1) awarding the parties joint legal custody of their children, with the plaintiff having final decision-making authority in the spheres of medicine and extracurricular activities, and the defendant having final decision-making authority in the spheres of education and religion, (2) setting forth a parental access schedule, (3) directing the plaintiff to pay the sum of $2,335.95 per month in basic child support, and (4) directing the parties to pay their pro rata shares of the children's private school
tuition, extracurricular activities, unreimbursed medical expenses, and health insurance premiums. The plaintiff appeals from those stated portions of the judgment of divorce.
In assessing questions of child custody, courts must make every effort to determine what is for the best interest of the children, and what will best promote their welfare and happiness (see S.L. v J.R., 27 NY3d 558, 562; Eschbach v Eschbach, 56 NY2d 167, 171). "In all custody disputes between divorced parents, 'the first concern of the court is and must be the welfare and the interests of the children'" (S.L. v J.R., 27 NY3d at 563, quoting Matter of Lincoln v Lincoln, 24 NY2d 270, 272). "The interests of the children are always 'paramount' and the 'rights of their parents must, in the case of conflict, yield to that superior demand'" (S.L. v J.R., 27 NY3d at 563, quoting Matter of Lincoln v Lincoln, 24 NY2d at 272). "Inasmuch as a court's custody determination is dependent in large part upon its assessment of the witnesses' credibility and upon the character, temperament, and sincerity of the parents, the court's custody determination will not be disturbed if supported by a sound and substantial basis in the record" (Matter of Turcios v Cordero, 173 AD3d 1048, 1049).
"'[J]oint custody is encouraged primarily as a voluntary alternative for relatively stable, amicable parents behaving in mature civilized fashion'" (Matter of Shields v Shields, 192 AD3d 691, 692, quoting Braiman v Braiman, 44 NY2d 584, 589-590; see Matter of Connell-Charleus v Charleus, 192 AD3d 890, 891). However, joint custody is inappropriate where the parties are antagonistic toward each other, do not communicate at all, and have demonstrated an inability to cooperate on matters concerning the children (see Matter of Connell-Charleus v Charleus, 192 AD3d at 891; Matter of Shields v Shields, 192 AD3d at 692).
Here, although there is some antagonism between the parties and difficulties in communication, there is a sound and substantial basis in the record for the Supreme Court's finding that the best interests of the children would be served by joint custody (see Marriott v Hernandez, 55 AD3d 613, 614; Teuschler v Teuschler, 242 AD2d 289, 290; Janecka v Franklin, 131 AD2d 436, 437). After the nonjury trial, the court found that the parties ultimately came to "mutual agreements despite their initial disagreements" on decisions for their children. The court stressed that the parties have had a shared custody arrangement in place for four years, and despite the plaintiff's contention that he is unable to communicate with the defendant, the parties have been able to "come together" for most decisions regarding the children. The court determined, inter alia, that both parents have a strong bond with the children, that both parents' residences adequately met the needs of the children, and that joint custody was working for the children.
Contrary to the plaintiff's contention, the Supreme Court properly included his overtime wages from 2018 in calculating his gross income for purposes of the Child Support Standards Act (see Matter of Hall v Pancho, 149 AD3d 735, 738; Romano v Romano, 40 AD3d 837, 838; Parise v Parise, 13 AD3d 504).
The plaintiff's remaining contentions are without merit.
AUSTIN, J.P., DUFFY, BARROS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court