Matter of Gray v Tyson (2022 NY Slip Op 02998)





Matter of Gray v Tyson


2022 NY Slip Op 02998


Decided on May 4, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.


2021-04898
 (Docket Nos. V-20407-18, V-5075-19)

[*1]In the Matter of Silbert Gray, respondent,
v
Rachelle Tyson, appellant. (Proceeding No. 1.)
 In the Matter of Rachelle Briana Tyson, appellant,
v
Silbert Claude-Jahmali Gray III, respondent-respondent, et al., respondent. (Proceeding No. 2.)


Diana Kelly, Jamaica, NY, for appellant.
Peter Wilner, Jamaica, NY, for respondent in Proceeding No. 1 and respondent-respondent in Proceeding No. 2.
Justine Luongo, Attorney-in-Charge of the Criminal Defense Practice, New York, NY (Dawne A. Mitchell and John A. Newbery of counsel), attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Margaret Morgan, J.), dated June 25, 2021. The order, insofar as appealed from, after a hearing, granted the father's petition for sole legal and residential custody of the parties' child, limited the mother's parental access with the child to supervised parental access, and directed the parties to equally share the costs incurred for the mother's supervised parental access.
ORDERED that the order is modified, on the law, by deleting the provision thereof directing the parties to equally share the costs incurred for the mother's supervised parental access; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Queens County, for further proceedings consistent herewith.
The parties have one child in common, born in November 2017. The father filed a petition, dated October 11, 2018, seeking sole custody of the child, and the mother filed a petition for the same relief. During the pendency of the custody proceedings, the child resided with the father, and the mother received supervised parental access. On November 2, 2018, the mother consented to a finding in a neglect proceeding that she had neglected the child.
At a fact-finding hearing on the custody petitions, held on June 25, 2021, the mother testified that, due to the COVID-19 pandemic, she had not seen the child since February 2020 and no longer had a relationship with the child. She also testified that in March 2021 she relocated to [*2]South Florida where she lived with her almost 11-week-old daughter. In an order dated June 25, 2021, the Family Court awarded sole physical and legal custody of the child to the father, limited the mother's parental access with the child to supervised parental access, and directed the parties to equally share the costs incurred for the mother's supervised parental access. The mother appeals.
On appeal, the Family Court's determination of witness credibility is entitled to great weight unless clearly unsupported by the record (see Matter of Saldivar v Cabrera, 109 AD3d 831, 832; Matter of Winfield v Gammons, 105 AD3d 753, 754). To facilitate effective appellate review, however, the Family Court, which is the court best able to assess the credibility of the witnesses, "must state in its decision 'the facts it deems essential' to its determination" (Matter of Jose L.I., 46 NY2d 1024, 1025, quoting CPLR 4213[b]). Although the Family Court need not set forth evidentiary facts, "it must state ultimate facts: that is, those facts upon which the rights and liabilities of the parties depend" (Matter of Jose L.I., 46 NY2d at 1025-1026). Here, although the Family Court made certain credibility findings, it failed to state the facts that it deemed essential to its determination. Remittal is nevertheless unnecessary because the record is sufficient for this Court to conduct an independent review of the evidence (see id.; Matter of Deepti v Kaushik, 126 AD3d 790).
Upon our review, contrary to the mother's contention, we find that the Family Court did not err in declining to award the parties joint custody of the child. Joint custody is encouraged "'as a voluntary alternative for relatively stable, amicable parents behaving in mature civilized fashion'" (Matter of Shields v Shields, 192 AD3d 691, 692, quoting Braiman v Braiman, 44 NY2d 584, 589-590; see Matter of Connell-Charleus v Charleus, 192 AD3d 890, 891). However, joint custody is inappropriate where the parties are antagonistic toward each other, do not communicate at all, and have demonstrated an inability to cooperate on matters concerning the children (see Matter of Connell-Charleus v Charleus, 192 AD3d at 891; Matter of Shields v Shields, 192 AD3d at 692). Here, the record demonstrates that based on the relationship between the parties, an award of joint custody would not be in the best interests of the child (see Goudreau v Corvi, 197 AD3d 463, 464).
"Supervised parental access is appropriately required only where it is established that unsupervised parental access would be detrimental to the child" (Matter of Masri v Masri, 171 AD3d 1183, 1185; see Matter of Livesey v Gulick, 194 AD3d 1045). "The determination of whether parental access should be supervised is a matter within the sound discretion of the hearing court, and its findings will not be disturbed on appeal unless they lack a sound and substantial basis in the record" (Matter of Masri v Masri, 171 AD3d at 1185; see Matter of Livesey v Gulick, 194 AD3d at 1045; Cervera v Bressler, 50 AD3d 837, 839). Here, contrary to the mother's contention, the Family Court's determination that it was in the best interests of the child to limit the mother's parental access with him to supervised parental access is supported by a sound and substantial basis in the record, and thus, will not be disturbed (see Matter of Livesey v Gulick, 194 AD3d at 1045; Reilly v Hager-Reilly, 166 AD3d 825, 827).
However, the Family Court should not have directed the parties to equally share the costs of the mother's supervised parental access, without evaluating the parties' "economic realities," including the mother's ability to pay and the actual cost of each visit (Matter of Michael R. v Aliesha H., 155 AD3d 1042, 1044; see Matter of Livesey v Gulick, 194 AD3d at 1045; Matter of Rueckert v Reilly, 282 AD2d 608, 609). Accordingly, we remit the matter to the Family Court, Queens County, for a hearing to resolve those issues, and a determination thereafter regarding the parties' respective shares of the costs for the mother's supervised parental access.
DILLON, J.P., DUFFY, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court