Matter of Smith v Francis (2022 NY Slip Op 04026)

Matter of Smith v Francis

2022 NY Slip Op 04026

Decided on June 22, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
SHERI S. ROMAN
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2021-04007 
2021-04008
 (Docket No. V-2064-16/19K)

[*1]In the Matter of Shadeen Smith, appellant,
v
Raymond Francis, respondent.

Amy L. Colvin, Huntington, NY, for appellant.
Lawrence M. Schaffer, Plainview, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from (1) a decision of the Family Court, Nassau County (Ayesha K. Brantley, J.), dated April 29, 2021, and (2) an order of the same court dated April 30, 2021. The order, upon the decision, made after a hearing, in effect, denied the mother's petition to modify a prior order of the same court dated June 22, 2018, so as to award her residential custody of the parties' child.
ORDERED that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the order dated April 30, 2021, is reversed, on the facts and in the exercise of discretion, without costs or disbursements, the mother's petition to modify the order dated June 22, 2018, so as to award her residential custody of the parties' child is granted, and the matter is remitted to the Family Court, Nassau County, to establish an appropriate parental access schedule for the father.
The parties are the parents of one child, born in 2011. In an order dated August 31, 2017, the Family Court awarded the parties joint legal custody of the child, with residential custody to the father and parental access to the mother. The mother subsequently filed a petition to modify the order dated August 31, 2017, and, in an order dated June 22, 2018 (hereinafter the 2018 custody order), the Family Court granted the petition to the extent of awarding the mother additional parental access. In May 2019, the mother filed a petition to modify the 2018 custody order so as to award her residential custody of the child. The court conducted a hearing, at which it heard testimony from the mother and one of the child's teachers, and the father, proceeding pro se, testified in narrative form. The court also interviewed the child in camera. Thereafter, the court, in effect, denied the mother's petition, concluding that the mother had failed to prove that there had been a change in circumstances warranting a modification of the existing custody arrangement. The mother appeals.
In order to modify an existing court-ordered custody arrangement, "there must be a showing of a subsequent change in circumstances so that modification is required to protect the best interest[s] of the child" (Matter of Walker v Sterkowicz-Walker, 203 AD3d 1165, 1166). "The best [*2]interests of the child must be determined by a review of the totality of the circumstances" (id. at 1167; see Friederwitzer v Friederwitzer, 55 NY2d 89, 94-96). "'Factors to be considered include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent'" (Matter of Walker v Sterkowicz-Walker, 203 AD3d at 1167, quoting Matter of Kreischer v Perry, 83 AD3d 841, 841; see Bliss v Ach, 56 NY2d 995, 998; Eschbach v Eschbach, 56 NY2d 167, 172-173).
"Since weighing the factors relevant to any custody determination requires an evaluation of the credibility and sincerity of the parties involved, the hearing court's findings are accorded deference" on appeal (Matter of Paige v Paige, 202 AD3d 794, 795 [internal quotation marks omitted]; see Eschbach v Eschbach, 56 NY2d at 173-174). Nonetheless, "this Court's authority in custody determinations is as broad as that of the hearing court, and while we are mindful that the hearing court has an advantage in being able to observe the demeanor and assess the credibility of witnesses, the hearing court's determination will not be affirmed if it lacks a sound and substantial basis in the record" (Matter of Follini v Currie, 176 AD3d 1203, 1205 [citation omitted]; see Matter of Paige v Paige, 202 AD3d at 795). Furthermore, to facilitate effective appellate review, the hearing court "must state in its decision 'the facts it deems essential' to its determination" (Matter of Jose L.I., 46 NY2d 1024, 1025, quoting CPLR 4213[b]; see Matter of Gray v Tyson, ___ AD3d ___, 2022 NY Slip Op 02998 [2d Dept]).
Here, while the Family Court stated in its decision that the allegations in the mother's petition "largely stem from the difficulties that the parties have in co-parenting which predate her petition," and that "both parties contribute to continuing the conflict between one another," the court did not identify the facts adduced at the hearing that supported its denial of the mother's petition. In this case, however, we need not remit the matter to the Family Court for factual findings, since the record is sufficient to permit this Court to conduct an independent review of the evidence (see Matter of Jose L.I., 46 NY2d at 1026; Matter of Gray v Tyson, ___ AD3d ___, 2022 NY Slip Op 02998). Upon conducting such a review, we conclude that the Family Court's determination that there had been no change in circumstances warranting a transfer of residential custody to the mother lacks a sound and substantial basis in the record (see Matter of Georgiou-Ely v Ely, 181 AD3d 885, 886; Matter of Errante v Murry, 172 AD3d 711, 713).
The record reveals that, in support of her petition, the mother established more than conflict between the parties and difficulties in co-parenting. The evidence at the hearing showed that, on numerous occasions after the issuance of the 2018 custody order, the father, in the child's presence, denigrated the mother and behaved inappropriately toward her (see Matter of Georgiou-Ely v Ely, 181 AD3d at 886; Matter of Errante v Murry, 172 AD3d at 713; Matter of Burke v Cogan, 122 AD3d 625, 626). The father consistently failed to make the child available for telephone and video calls with the mother as required by the original custody order, routinely ignored the mother's attempted communications with the child, and repeatedly failed to adhere to the court-ordered parental access schedule (see Matter of Sachs v Asotskaya, 136 AD3d 618; Matter of Zeis v Slater, 57 AD3d 793, 794). The hearing testimony established that the father not only refused to foster a good relationship between the mother and the child—he expressly testified that he did not believe he had an obligation to do so—but actively sought to thwart such a relationship. "Parental alienation of a child from the other parent is an act so inconsistent with the best interests of the child[ ] as to, per se, raise a strong probability that the offending party is unfit to act as custodial parent" (Matter of Vargas v Gutierrez, 155 AD3d 751, 753 [alterations and internal quotation marks omitted]; see Matter of Bullard v Clark, 154 AD3d 846, 847; Matter of Zeis v Slater, 57 AD3d at 794).
In addition, the hearing testimony demonstrated that, during the period following the issuance of the 2018 custody order, the father demonstrated a lack of interest in the child's education and development by, among other things, refusing to have the child evaluated for learning disabilities or treated for his speech impediment (see Matter of Errante v Murry, 172 AD3d at 713; Matter of Bullard v Clark, 154 AD3d at 847). Moreover, the father failed to respond to the mother's inquiries [*3]about the child's health, education, and safety.
Accordingly, the Family Court should have granted the mother's petition to modify the 2018 custody order so as to award her residential custody of the child. We therefore reverse the order appealed from, grant the mother's petition, and remit the matter to the Family Court, Nassau County, to establish an appropriate parental access schedule for the father that is in the best interests of the child.
IANNACCI, J.P., ROMAN, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court