Keefer v Keefer (2022 NY Slip Op 07064)

Keefer v Keefer

2022 NY Slip Op 07064

Decided on December 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.

2020-08539
2021-01331
2021-06448
 (Index No. 800209/18)

[*1]Eric Keefer, respondent,
v
Pamela Keefer, appellant.

Law Offices of Kenneth J. Weinstein, P.C., Garden City, NY (Jesse A. Baco of counsel), for appellant.
Law Offices of Seidner & Associates, P.C., Garden City, NY (Matthew S. Seidner of counsel), for respondent.
Patricia Manzo, Syosset, NY, attorney for the children.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Helen Voutsinas, J.), entered October 13, 2020, (2) a judgment of divorce of the same court (Jeffrey Goodstein, J.) entered January 19, 2021, and (3) a money judgment of the same court (Helen Voutsinas, J.) dated August 5, 2021. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for an award of child support to the extent of directing the defendant to pay child support in the sum of $281.58 per month and 8.78% of certain add-on expenses, granted that branch of the plaintiff's motion which was for an award of counsel fees to the extent of directing the defendant to pay counsel fees in the sum of $225,000, and denied the defendant's cross motion for an award of counsel fees. The judgment of divorce, insofar as appealed from, upon an order of the same court (Helen Voutsinas, J.) dated January 7, 2020, inter alia, granting that branch of the plaintiff's motion which was, in effect, to modify an order of the Family Court, Nassau County (Sharon N. Clarke, Ct. Atty. Ref.), dated January 13, 2017, so as to award him sole legal and residential custody of the parties' children, and upon the order entered October 13, 2020, awarded the plaintiff sole legal and residential custody of the parties' children, directed the defendant to pay child support in the sum of $281.58 per month and 8.78% of certain add-on expenses, and directed the defendant to pay counsel fees in the sum of $225,000. The money judgment, upon the order entered October 13, 2020, is in favor of nonparty Law Offices of Seidner & Associates, P.C., and against the defendant in the sum of $225,000.
ORDERED that the appeal from the order entered October 13, 2020, is dismissed; and it is further,
ORDERED that the judgment of divorce is modified, on the law, by deleting the provision thereof directing the defendant to pay child support in the sum of $281.58 per month and 8.78% of certain add-on expenses, and substituting therefor a provision directing the defendant to pay child support in the sum of $195.58 per month and 6.1% of certain add-on expenses; as so [*2]modified, the judgment of divorce is affirmed insofar as appealed from, and the order entered October 13, 2020, is modified accordingly; and it is further,
ORDERED that the money judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order entered October 13, 2020, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of divorce in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment of divorce (see CPLR 5501[a][1]).
The parties were married in 2007 and have two children, the oldest of whom is 14 years old. In connection with a prior divorce action that was discontinued, the parties entered into a separation agreement dated December 22, 2015. Pursuant to the separation agreement, the parties agreed that they would share joint legal custody of the children, the defendant would have residential custody of the children, and the plaintiff would have parental access rights.
In October 2016, the plaintiff commenced a proceeding in the Family Court, in effect, to enforce the separation agreement, alleging that the defendant was interfering with his parental access. In an order dated January 13, 2017 (hereinafter the custody order), the court awarded the parties joint legal custody of the children, awarded the defendant residential custody of the children, and slightly modified the plaintiff's parental access schedule.
In 2018, the plaintiff commenced this action for a divorce and ancillary relief, seeking, inter alia, sole legal and residential custody of the children. Thereafter, the plaintiff moved, among other things, for temporary sole legal and residential custody of the children, alleging that the defendant consistently interfered with his parental access and often demanded advance child support payments in exchange for access to the children. The defendant cross-moved to modify the custody order so as to award her sole legal custody of the children. At a hearing to determine the motion and the cross motion, the parties consented to the Supreme Court rendering a final determination on the issue of custody and parental access. In an order dated January 7, 2020, after a hearing that lasted 45 days, the court, inter alia, granted that branch of the plaintiff's motion which was, in effect, to modify the custody order so as to award him sole legal and residential custody of the children, denied the defendant's cross motion to modify the custody order so as to award her sole legal custody of the children, and awarded the defendant parental access.
Thereafter, the plaintiff moved for an award of child support and for an award of counsel fees, and the defendant cross-moved for an award of counsel fees. In an order entered October 13, 2020, the Supreme Court granted that branch of the plaintiff's motion which was for an award of child support to the extent of directing the defendant to pay child support in the sum of $281.58 per month and her pro rata share of certain add-on expenses for the children, which the court calculated to be 8.78%; granted that branch of the plaintiff's motion which was for an award of counsel fees to the extent of directing the defendant to pay counsel fees in the sum of $225,000; and denied the defendant's cross motion for an award of counsel fees.
On January 19, 2021, the Supreme Court entered a judgment of divorce that incorporated but did not merge the parties' separation agreement, except that, upon the order dated January 7, 2020, the judgment of divorce awarded the plaintiff sole legal and residential custody of the children. Further, upon the order entered October 13, 2020, the judgment of divorce directed the defendant to pay child support in the sum of $281.58 per month and 8.78% of certain add-on expenses, and counsel fees in the sum of $225,000. On August 5, 2021, the court issued a money judgment in favor of the plaintiff's counsel and against the defendant in the sum of $225,000. The defendant appeals.
"In order to modify an existing court-ordered custody or parental access arrangement, [*3]there must be a showing that there has been a change in circumstances such that modification is required to protect the best interests of the child" (Matter of Langenau v Hargrove, 198 AD3d 650, 651; see Matter of Smith v Francis, 206 AD3d 914, 915). The best interests of the child are determined by a review of the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167). Since a hearing court's determination with respect to custody and parental access depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties, its findings are generally accorded great deference and will not be disturbed unless they lack a sound and substantial basis in the record (see Matter of Smith v Francis, 206 AD3d at 916; Matter of Langenau v Hargrove, 198 AD3d at 651-652).
Here, the record contains a sound and substantial basis for the Supreme Court's finding that the defendant alienated the children from the plaintiff by severely and persistently interfering with the plaintiff's parental access rights in violation of the separation agreement and the custody order, denigrating the plaintiff in the children's presence, and minimizing the importance of the children's relationship with the plaintiff. Further, the record reflects that the defendant demonstrated a lack of meaningful interest in the children's education by permitting excessive absences from school. Thus, the plaintiff established a change in circumstances such that modification of the existing custody arrangement between the parties was necessary to protect the best interests of the children (see Matter of Smith v Francis, 206 AD3d at 916-917; Matter of Edwards v Edwards, 161 AD3d 979, 980).
Further, the Supreme Court properly granted that branch of the plaintiff's motion which was for an award of counsel fees to the extent of directing the defendant to pay counsel fees in the sum of $225,000, inasmuch as the plaintiff was entitled to reimbursement for counsel fees pursuant to the default provision in the parties' separation agreement, which was incorporated but not merged into the judgment of divorce (see Kirk v Kirk, 207 AD3d 708; Ambrose v Ambrose, 128 AD3d 746, 747). Contrary to the defendant's contention, under the circumstances present here, the court did not improvidently exercise its discretion in awarding counsel fees without a further hearing. This record, which includes evidence regarding the parties' financial information and billing invoices from the plaintiff's counsel, reflects that the court reviewed the relevant information before awarding counsel fees to the plaintiff (see Mohen, Craig & Treacy v Collura, 287 AD2d 552, 553; cf. Tenaglia v Tenaglia, 134 AD3d 801, 803).
The defendant's contention that the Supreme Court improvidently exercised its discretion in denying her cross motion for an award of counsel fees, in addition to the $45,000 in interim counsel fees she was awarded during the course of the litigation, is without merit (see Cravo v Diegel, 163 AD3d 920, 923).
However, as the plaintiff concedes, the Supreme Court made a mathematical error in calculating the defendant's child support obligation, based on the Child Support Standards Act and using the combined parental income cap, and her pro-rata share of the children's add-on expenses. The correct amount of the defendant's child support obligation is $195.58 per month, and the correct amount of her pro rata share of the children's add-on expenses is 6.1% (see generally Moradi v Buhl, 201 AD3d 928, 928-929; Matter of Freeman v Freeman, 71 AD3d 1143, 1144).
The defendant's remaining contentions are without merit.
DILLON, J.P., BRATHWAITE NELSON, MILLER and MALTESE, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court