Matter of Gold v Khalifa (2024 NY Slip Op 00306)

Matter of Gold v Khalifa

2024 NY Slip Op 00306

Decided on January 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2022-02550
2022-02551
 (Docket Nos. V-11196-15/15A, V-13503-15/15A)

[*1]In the Matter of Karina Gold, respondent,
v
Yasser Khalifa, appellant. (Proceeding No. 1.)
In the Matter of Yasser Khalifa, appellant,
v
Karina Gold, respondent. (Proceeding No. 2.)

Yasser Khalifa, Bronx, NY, appellant pro se.
Brad M. Nacht, Brooklyn, NY, for respondent.
Liberty Aldrich, Brooklyn, NY (Louise Feld and Janet Neustaetter of counsel), attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from (1) an order of the Family Court, Kings County (Judith D. Waksberg, J.), dated March 8, 2022, and (2) an order of the same court dated March 9, 2022. The order dated March 8, 2022, insofar as appealed from, after a hearing, granted that branch of the mother's amended petition which was to modify the custody and parental access provisions of the parties' judgment of divorce so as to award her sole legal and residential custody of the parties' child, in effect, denied those branches of the father's petition which were to modify the custody and parental access provisions of the judgment of divorce so as to award him primary residential custody of the child and final educational decision-making authority, and set forth a schedule of parental access for the father. The order dated March 9, 2022, insofar as appealed from, awarded the same relief.
ORDERED that the orders are affirmed insofar as appealed from, without costs or disbursements.
The parties have one child together, born in 2007. Pursuant to a judgment of divorce dated September 30, 2013, the parties agreed to share joint custody of the child with primary residential custody to the mother and liberal parental access to the father. In May 2015, the mother filed a petition to modify the custody and parental access provisions of the judgment of divorce so as to award her sole custody of the child, and the father filed a petition, inter alia, to modify the custody and parental access provisions of the judgment of divorce so as to award him primary residential custody of the child and final educational decision-making authority. In October 2019, the mother filed an amended petition to modify the custody and parental access provisions of the judgment of divorce so as to award her sole custody of the child with supervised parental access to [*2]the father. After a hearing, the Family Court, among other things, granted that branch of the mother's amended petition which was to modify the custody and parental access provisions of the judgment of divorce so as to award her sole legal and residential custody of the child, in effect, denied those branches of the father's petition which were to modify the custody and parental access provisions of the judgment of divorce so as to award him primary residential custody of the child and final educational decision-making authority, and set forth a schedule of parental access for the father. The father appeals.
"'A party seeking modification of an existing custody arrangement must show the existence of such a change in circumstances that modification is required to ensure the continued best interests of the child'" (Matter of Connell-Charleus v Charleus, 192 AD3d 890, 890, quoting Matter of Sidorowicz v Sidorowicz, 101 AD3d 737, 738). "[J]oint custody is encouraged primarily as a voluntary alternative for relatively stable, amicable parents behaving in mature civilized fashion" (Matter of Robinson v Mustakas, 214 AD3d 880, 880 [internal quotation marks omitted]; see Matter of Shields v Shields, 192 AD3d 691). Accordingly, "[e]vidence of a hostile relationship between the mother and the father indicating that joint decision-making is untenable is a change of circumstances" (Matter of Pierce v Caputo, 214 AD3d 877, 878-879). "The Family Court is in the best position to evaluate the credibility of the witnesses and its determination should not be disturbed unless it lacks a sound and substantial basis in the record" (id. at 879; see Eschbach v Eschbach, 56 NY2d 167, 173-174; Matter of Paige v Paige, 202 AD3d 794, 795).
Here, the record demonstrates that since the parties' divorce, their relationship had deteriorated to a point where there was no meaningful communication or cooperation between them for the sake of the child. The continued deterioration of the parties' relationship was a change in circumstances warranting a change in the joint legal custody arrangement (see Matter of Liang v O'Brien, 216 AD3d 1101, 1101; Matter of Robinson v Mustakas, 214 AD3d at 881). Moreover, the Family Court properly determined that the parties' acrimony toward each other and the father's demonstrated inability to cooperate on matters concerning the child made continued joint legal custody inappropriate (see Matter of Connell-Charleus v Charleus, 192 AD3d at 891; Paruchuri v Akil, 156 AD3d 712, 713). Further, given the evidence that the mother, as the parent with primary residential custody and final decision-making authority on certain issues, made appropriate decisions for the child, while the father appeared to be guided by his anger toward the mother and his own interests rather than the child's well-being, there is a sound and substantial basis in the record for the court's determination that an award of sole legal custody to the mother was in the child's best interests (see Matter of Robinson v Mustakas, 214 AD3d at 881; Matter of Lewis-Daniel v Daniel, 176 AD3d 940, 942; Matter of Moore v Gonzalez, 134 AD3d 718, 720). Accordingly, the court properly granted that branch of the mother's amended petition which was to modify the custody and parental access provisions of the judgment of divorce so as to award her sole legal and residential custody of the child and, in effect, denied those branches of the father's petition which were to modify the custody and parental access provisions of the judgment of divorce so as to award him primary residential custody of the child and final educational decision-making authority.
Contrary to the father's contention, the Family Court properly denied his request to recuse itself from these proceedings. No impropriety arose merely because the same jurist had presided over a prior related neglect matter which had been withdrawn (see Matter of Kila DD., 28 AD3d 805, 805-806; People v Smith, 272 AD2d 679, 682).
The father's remaining contentions are either without merit or not properly before this Court.
CONNOLLY, J.P., MALTESE, WOOTEN and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court