Matter of Rossi v O'Leary (2024 NY Slip Op 04967)

Matter of Rossi v O'Leary

2024 NY Slip Op 04967

Decided on October 9, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
PAUL WOOTEN
DEBORAH E. DOWLING
JANICE A. TAYLOR, JJ.

2023-08099
 (Docket Nos. V-1654-22, V-1655-22)

[*1]In the Matter of Louis Rossi, respondent,
v
Margaret O'Leary, appellant.

Salvatore C. Adamo, New York, NY, for appellant.
Louis Rossi, East Northport, NY, respondent pro se.
Karyn A. Villar, Hauppauge, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Alfred C. Graf, J.), dated August 14, 2023. The order, insofar as appealed from, after a hearing, granted that branch of the father's petition which was to modify the custody and parental access provisions of the parties' judgment of divorce so as to award him sole custody of the parties' youngest child.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties have four children together, the youngest of whom was born in June 2007. Pursuant to a judgment of divorce dated March 3, 2014, the parties agreed to share joint custody of their children with primary residential custody to the mother and parental access to the father. Beginning in November 2022, the youngest child began to reside exclusively at the father's house along with her siblings.
In January 2023, the father commenced this proceeding pursuant to Family Court Act article 6 to modify the custody and parental access provisions of the judgment of divorce, inter alia, so as to award him sole custody of the youngest child. After a hearing, in an order dated August 14, 2023, the Family Court, among other things, granted that branch of the father's petition which was to modify the custody and parental access provisions of the parties' judgment of divorce so as to award him sole custody of the youngest child. The mother appeals.
"'In order to modify an existing custody or parental access arrangement, there must be a showing of a change in circumstances such that modification is required to protect the best interests of the child'" (Matter of Martinez v Gaddy, 223 AD3d 816, 817, quoting Matter of LaPera v Restivo, 202 AD3d 788, 789). "The required change in circumstances may be found to exist where the parties' relationship has deteriorated to a point where there is no meaningful communication or cooperation for the sake of the children" (Matter of Liang v O'Brien, 216 AD3d 1101, 1101). The paramount concern when making a determination regarding the modification of an existing custody or parental access arrangement "is the best interests of the child under the totality of the circumstances" (Matter of Martinez v Gaddy, 223 AD3d at 817, quoting Matter of Cabano v Petrella, 169 AD3d 901, 902). "Factors to be considered include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each [*2]parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (Matter of Smith v Francis, 206 AD3d 914, 915-916 [internal quotation marks omitted]). "Although the express wishes of the child are not controlling, they are entitled to great weight, particularly where the child's age and maturity would make her or his input particularly meaningful" (Matter of Wright v Metz, 225 AD3d 708, 709-710 [alterations and internal quotation marks omitted]).
"'The Family Court is in the best position to evaluate the credibility of the witnesses and its determination should not be disturbed unless it lacks a sound and substantial basis in the record'" (Matter of Mahoney v Hughes, 227 AD3d 908, 909, quoting Matter of Pierce v Caputo, 214 AD3d 877, 879).
Here, the Family Court properly determined that a change in circumstances existed to warrant modification of the custody arrangement to protect the best interests of the youngest child based upon, inter alia, the deterioration of the relationship between the mother and the youngest child (see Matter of Mazo v Volpert, 223 AD3d 907, 909). Furthermore, the court's determination awarding the father sole custody of the youngest child was supported by a sound and substantial basis in the record (see Matter of Gold v Khalifa, 223 AD3d 803, 805; Matter of Moore v Gonzalez, 134 AD3d 718, 720). In particular, the evidence adduced at the hearing demonstrated that during the approximately nine-month period in which the youngest child resided exclusively with the father, the youngest child was excelling in school; the father was engaged in meeting the youngest child's academic, social, and medical needs; and the youngest child continued to express the desire to keep the new custody arrangement in place.
Accordingly, under the circumstances, the Family Court properly granted that branch of the father's petition which was to modify the custody and parental access provisions of the judgment of divorce so as to award him sole custody of the parties' youngest child.
MILLER, J.P., WOOTEN, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court