Matter of Cromwell v Arnette (2023 NY Slip Op 02512)

Matter of Cromwell v Arnette

2023 NY Slip Op 02512

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2022-05234
 (Docket Nos. V-23169-19/20B, V-23169-19/20C)

[*1]In the Matter of Vanita Latifah Cromwell, respondent, 
v
Tyson Arnette, appellant. (Proceeding No. 1)
In the Matter of Tyson Arnette, appellant,
v
Vanita Cromwell, respondent. (Proceeding No. 2)

Heath J. Goldstein, Jamaica, NY, for appellant.
Diana Kelly, Jamaica, NY, for respondent.
Olatokunbo Sofola, Brooklyn, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Queens County (Lauren Norton-Lerner, Ct. Atty. Ref.), dated July 1, 2022. The order, insofar as appealed from, after a hearing, denied that branch of the father's petition which was to modify an order of the Supreme Court, Queens County (Lenora Gerald, J.), dated September 9, 2013, so as to award him sole physical custody of the parties' child.
ORDERED that the order dated July 1, 2022, is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, that branch of the father's petition which was to modify the order dated September 9, 2013, so as to award him sole physical custody of the parties' child is granted, and the matter is remitted to the Family Court, Queens County, for the determination of a new parental access schedule.
The parties are the parents of a child who was born in 2008. The parties consented to the entry of an order dated September 9, 2013, providing, inter alia, that the parties would share joint physical custody of the child, such that the child would reside with the father on alternate weeks from Monday through Thursday and on every other weekend (hereinafter the prior order). Subsequently, each parent petitioned for sole physical and legal custody of the child. After a hearing, the Family Court determined, among other things, that neither party established a change in circumstances warranting a change in physical custody. The father appeals from so much of the order as denied that branch of his petition which was to modify the prior order so as to award him sole physical custody of the child.
Modification of an existing order of custody or parental access is permissible only on a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests of the child (see Matter of Dupont v Gaston, 173 AD3d 738, 739; [*2]Weisberger v Weisberger, 154 AD3d 41, 50). The best interests of the child must be determined by a review of the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 171-172). "Although the express wishes of the children are not controlling, they are entitled to great weight, particularly where their age and maturity would make their input particularly meaningful" (Matter of Guerra v Oakes, 160 AD3d 855, 856 [internal quotation marks omitted]).
"[T]his Court's authority in custody and [parental access] matters is as broad as that of the hearing court, and while we are mindful that the hearing court has an advantage in being able to observe the demeanor and assess the credibility of witnesses, we would be seriously remiss if, simply in deference to the finding of a Trial Judge, we allowed a custody determination to stand where it lacks a sound and substantial basis in the record" (Weisberger v Weisberger, 154 AD3d at 51 [internal quotation marks omitted]).
In this case, the Family Court's determination that there had been no change in circumstances requiring a transfer of physical custody to the father lacks a sound and substantial basis in the record. The parties acknowledged that the schedule set forth in the prior order was not being followed and the mother acknowledged that it did not promote stability for the child. Based on, inter alia, the child's stated preferences and the parties' respective living situations, the court should have granted that branch of the father's petition which was to modify the prior order so as to award him sole physical custody of the child (see Matter of Dupont v Gaston, 173 AD3d at 740).
DILLON, J.P., GENOVESI, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court