Matter of Serrano v Abizeid (2023 NY Slip Op 03469)

Matter of Serrano v Abizeid

2023 NY Slip Op 03469

Decided on June 28, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2022-02607
 (Docket No. V-6528-18)

[*1]In the Matter of Nicholas Serrano, respondent,
v
Helen Abizeid, appellant.

Genevieve Lane Lopresti, Seaford, NY, for appellant.
Amy L. Colvin, Huntington, NY, for respondent.
William A. Sheeckutz, East Meadow, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Nassau County (Sharon N. Clarke, Ct. Atty. Ref.), dated March 4, 2022. The order, insofar as appealed from, after a hearing, upon granting the father's petition to modify the parental access provisions of an order of the same court dated October 30, 2019, awarded the father quarterly visits and daily telephone contact with the parties' child, subject to certain conditions.
ORDERED that the order dated March 4, 2022, is affirmed insofar as appealed from, without costs or disbursements.
The parties are the parents of one child, born in 2017. In March 2021, the father, who has been incarcerated since February 2021, filed a petition to modify an order dated October 30, 2019, so as to award him parental access and daily telephone contact while he remained incarcerated.
In an order dated March 4, 2022, the Family Court, after a hearing, inter alia, upon granting the father's petition, awarded the father quarterly visits with the child, to be arranged by the father and for which the father must pay all associated costs, and daily telephone contact with the child, not to exceed more than one telephone call per day. The mother appeals.
"'In order to modify an existing court-ordered custody or parental access arrangement, there must be a showing that there has been a change in circumstances such that modification is required to protect the best interests of the child'" (Matter of Morgan v Eckles, 214 AD3d 983, 984, quoting Matter of Langenau v Hargrove, 198 AD3d 650, 651). "Parental access with a noncustodial parent is presumed to be in the best interests of the child, even when that parent is incarcerated" (Matter of Romero-Flores v Hernandez, 214 AD3d 882, 882; see Matter of Granger v Misercola, 21 NY3d 86, 91). "However, the presumption may be overcome upon a showing, by a preponderance of the evidence, that parental access would be 'harmful to the child's welfare or not in the child's best interests'" (Matter of Cuccia-Terranova v Terranova, 174 AD3d 528, 529, quoting Matter of Kadio v Volino, 126 AD3d 1253, 1254). Parental access should be denied where it is demonstrated that under all the circumstances parental access would be harmful to the child's welfare, or that the right to parental access has been forfeited (see Matter of Granger v Misercola, [*2]21 NY3d at 91; Matter of Romero-Flores v Hernandez, 214 AD3d at 882.
Here, it is undisputed that the father's incarceration constituted a change in circumstances necessitating a change in the parental access provisions of the order dated October 30, 2019. Contrary to the contentions of the mother and the attorney for the child, upon granting the father's petition to modify, the Family Court providently exercised its discretion in awarding the father quarterly visits and daily telephone contact with the child. The mother and the attorney for the child failed, by a preponderance of the evidence, to rebut the presumption in favor of parental access (see Matter of Torres v Pascuzzi-Corniel, 125 AD3d 675, 676). The evidence demonstrated that the father had established a relationship with the child prior to being incarcerated, that the father made some efforts to maintain contact with the child thereafter, and that the father or his family would arrange for the visits at no cost to the mother. The mother and the attorney for the child did not offer any specific evidence as to how the quarterly visits with the father in person or the daily telephone contact would be harmful to the child's welfare.
The mother's remaining contentions are unpreserved for appellate review and, in any event, without merit.
LASALLE, P.J., CONNOLLY, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court