Matter of Limanov v Limanov (2024 NY Slip Op 01712)

Matter of Limanov v Limanov

2024 NY Slip Op 01712

Decided on March 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2023-01195
 (Docket Nos. V-32-17/18C, V-32-17/19D, V-32-17/19E, O-2620-21)

[*1]In the Matter of Gene Limanov, respondent,
v
Vera Limanov, appellant.

Peter C. Lomtevas, Kew Gardens, NY, for appellant.
Mark Diamond, Pound Ridge, NY, for respondent.
Liberty Aldrich, Brooklyn, NY (Leah Edmunds and Janet Neustaetter of counsel), attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act articles 6 and 8, the mother appeals from an order of the Family Court, Kings County (Jamila Cha-Jua-Lee, Ct. Atty. Ref.), dated January 11, 2023. The order, insofar as appealed from, after a hearing, denied the mother's family offense petition and, in effect, granted the father's petitions, inter alia, to modify the parental access provisions of a judgment of divorce dated October, 13, 2016, which was incorporated but did not merge a stipulation of settlement entered on the record on December 22, 2016, to the extent it set forth a parental access schedule awarding the father parental access with the parties' child from Tuesday after school to Thursday morning, on alternating weekends from Friday after school to Sunday at 5:00 p.m., and on alternating holidays and school breaks.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The mother and the father have one child together, born in 2013. Pursuant to a stipulation of settlement entered on the record on December 22, 2016 (hereinafter the stipulation), which was incorporated but not merged into a judgment of divorce, the parties agreed that the mother would have sole physical and legal custody of the parties' child and the father would have "reasonable and liberal" parental access and overnight parental access as agreed by and between the parties. Subsequently, the father filed petitions, inter alia, to modify the custody and parental access provisions of the judgment of divorce, arguing that the mother was interfering with his parental access and damaging his relationship with the child. Thereafter, the mother filed a family offense petition alleging, among other things, that the father had committed aggravated harassment in the second degree against the mother. After a hearing on the parties' petitions, the court denied the mother's family offense petition and, in effect, granted the father's petitions, inter alia, to modify the parental access provisions of the judgment of divorce to the extent it set forth a parental access schedule awarding the father parental access with the child from Tuesday after school to Thursday morning, on alternating weekends from Friday after school to Sunday at 5:00 p.m., and on alternating holidays and school breaks. The mother appeals.
Initially, we note that by actively participating in the modification proceedings, the mother waived her contention that the Family Court did not acquire personal jurisdiction over her with respect to those proceedings (see Matter of Wilson v Brown, 162 AD3d 1054, 1055).
"Modification of an existing order of custody or parental access is permissible only on a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests of the child" (Matter of Cromwell v Arnette, 216 AD3d 775, 776; see Matter of Cabano v Petrella, 169 AD3d 901, 902). The best interests of the child must be determined by a review of the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 171-172). "Inasmuch as a court's custody [and parental access] determination is dependent in large part upon its assessment of the witnesses' credibility and upon the character, temperament, and sincerity of the parents, the court's . . . determination will not be disturbed if supported by a sound and substantial basis in the record" (Matter of Turcios v Cordero, 173 AD3d 1048, 1049).
Here, the Family Court's determination that a sufficient change in circumstances existed to warrant a modification of the parental access provisions of the judgment of divorce has a sound and substantial basis in the record. The deterioration of the parties' relationship and the mother's interference with the father's parental access constituted a sufficient change in circumstances warranting an inquiry into whether modification was necessary to ensure the best interests of the child (see Matter of Felgueiras v Cabral, 204 AD3d 790, 792; Matter of Samuel v Sowers, 162 AD3d 674, 675). Furthermore, based on the totality of the circumstances, the parental access schedule established by the court was in the child's best interests (see Matter of Cabano v Petrella, 169 AD3d at 902). The court appropriately took into consideration the child's expressed wishes in determining the parental access schedule (see Matter of Freeborn v Elco, 188 AD3d 677, 680).
In a family offense proceeding, the allegations of the petition must be "supported by a fair preponderance of the evidence" (Family Ct Act § 832). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and its determinations regarding the credibility of witnesses are entitled to great weight on appeal, such that they will not be disturbed unless clearly unsupported by the record" (Matter of Porter v Moore, 149 AD3d 1082, 1083).
Here, the mother failed to establish by a fair preponderance of the evidence that the father committed a family offense under Family Court Act article 8. The father's purported text messages, although vulgar and insulting, did not constitute aggravated harassment in the second degree (see Penal Law § 240.30 [1][a]; [2]; Paruchuri v Akil, 156 AD3d 712, 714). Accordingly, the Family Court properly denied the mother's family offense petition.
The mother's remaining contentions are without merit.
BRATHWAITE NELSON, J.P., WOOTEN, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court