Matter of Kerry D. v Deena D. (2024 NY Slip Op 04138)

Matter of Kerry D. v Deena D.

2024 NY Slip Op 04138

Decided on August 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2023-08070
 (Docket No. V-17162-19)

[*1]In the Matter of Kerry D. (Anonymous), petitioner-respondent, 
v
Deena D. (Anonymous), respondent-appellant; Raine D. (Anonymous), nonparty-appellant.

Warshaw Burstein, LLP, New York, NY (Eric Wrubel, Jennifer Sundt, and Rose H. Vacanti Gilroy of counsel), for respondent-appellant.
Risa K. Kass, Tarrytown, NY, attorney for the child, the nonparty-appellant.
Kerry D., City Island, NY, petitioner-respondent pro se.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, Deena D. appeals, and the subject child separately appeals, from stated portions of an order of the Family Court, Westchester County (Wayne A. Humphrey, J.), dated August 18, 2023. The order, upon Deena D.'s consent to a determination that Kerry D. had standing to seek custody of and parental access with the subject child, and after a fact-finding hearing, inter alia, determined that Kerry D. had standing to seek custody of or parental access with the subject child, granted that branch of Kerry D.'s petition which was for parental access with the subject child, and set forth a parental access schedule.
ORDERED that the appeal by Deena D. from so much of the order as determined that Kerry D. had standing to seek custody of or parental access with the subject child is dismissed; and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to Kerry D., payable by Deena D.
In 2008, Deena D. gave birth to the subject child while residing with Kerry D., who was then her domestic partner. In early 2011, Kerry D. moved out of the residence after the relationship between the two women ended. Deena D. thereafter permitted Kerry D. to regularly spend time with the child. However, in or about early 2013, Deena D. began imposing restrictions upon Kerry D.'s access with the child and limiting their time together. In July 2019, following the decision of the Court of Appeals in Matter of Brooke S.B. v Elizabeth A.C.C. (28 NY3d 1), Kerry D. filed a petition, inter alia, seeking parental access with the child. The Family Court subsequently conducted a fact-finding hearing. By order dated August 18, 2023, the court, among other things, determined that Kerry D. had standing to seek custody of or parental access with the child, granted that branch of Kerry D.'s petition which was for parental access with the child, and set forth a parental access schedule. Deena D. and the child separately appeal from stated portions of the order.
Initially, Deena D.'s contention that the Family Court improperly determined that Kerry D. had standing, as a parent, to seek custody and parental access is not properly before this Court. Pursuant to Domestic Relations Law § 70, parents have standing to seek custody of or parental access with their children. In 2016, the Court of Appeals, in Matter of Brooke S.B. v Elizabeth A.C.C., "acknowledged that the definition of parent [under the statute]—which previously excluded a partner without a biological or adoptive relation to the subject child—had become unworkable when applied to increasingly varied familial relationships" (Greene v Esplanade Venture Partnership, 36 NY3d 513, 523 [internal quotation marks omitted]). Therefore, the Court held that, "where a partner shows by clear and convincing evidence that the parties agreed to conceive a child and to raise the child together, the non-biological, non-adoptive partner has standing to seek visitation and custody under Domestic Relations Law § 70" (Matter of Brooke S.B. v Elizabeth A.C.C., 28 NY3d at 14). Here, Deena D. urges this Court to conclude that the Family Court erred in determining that Kerry D. qualified as the child's parent. However, by letter dated March 3, 2020, issued prior to the fact-finding hearing, counsel for Deena D. advised the court that his client was "no longer challenging [Kerry D.'s] standing to seek custody and access with [the child]." Deena D.'s consent on this point was also reiterated repeatedly on the record at the hearing. Since "[n]o appeal lies from an order entered on the consent of the appealing party" (Matter of Shu Jiao Zhao v Wei Rong, 183 AD3d 898, 898), Deena D.'s appeal from so much of the order as determined that Kerry D. had standing to seek custody of or parental access with the child must be dismissed.
Moreover, to the extent Deena D. contends that her consent on the standing issue did not constitute consent to the Family Court deeming Kerry D. a parent because a best interests analysis was required before any such determination, and to the extent the child makes a similar argument, they have misstated the standards set forth by the Court of Appeals in Matter of Brooke S.B. v Elizabeth A.C.C. In that decision, the Court made clear that a partner without a biological or adoptive relation to a child must first demonstrate his or her status as a parent in order to petition for custody or parental access pursuant to Domestic Relations Law § 70 and that it is only upon such a showing that a court then determines whether the best interests of the child are served by conferring such rights (see Matter of Brooke S.B. v Elizabeth A.C.C., 28 NY3d at 28). In other words, the Family Court's best interests analysis appropriately served to determine, inter alia, whether Kerry D. was entitled to parental access with the child, not to determine whether she qualified as a parent under the statute.
"The extent to which the noncustodial parent may exercise [parental access] is a matter committed to the sound discretion of the hearing court, to be determined on the basis of the best interests of the child, consistent with the concurrent right of the child and the noncustodial parent to meaningful time together" (Chamberlain v Chamberlain, 24 AD3d 589, 592 [citations omitted]; see Matter of Kim v Becker, 223 AD3d 813, 815). "In determining the child's best interests, the court must consider, among other things, (1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (Matter of Upia-Parham v Parham, 222 AD3d 988, 988-989 [internal quotation marks omitted]; see Matter of Martinez v Gaddy, 223 AD3d 816, 817). In considering the child's best interests, "[t]he court is to consider the totality of the circumstances, and the existence of any one factor is not determinative" (Matter of Bongocan v Javier L., 159 AD3d 948, 949).
"[O]ne of the primary responsibilities of a custodial parent is to assure meaningful contact between the child and the other parent" (Matter of Gayle v Muir, 211 AD3d 942, 944 [internal quotation marks omitted]), since "[p]arental access with a noncustodial parent is presumed to be in the best interests of the child" (Matter of Cuccia-Terranova v Terranova, 174 AD3d 528, 529). Indeed, "the child's best interests generally lie in her or him being nurtured and guided by both . . . parents, and in order for the noncustodial parent to develop a meaningful, nurturing relationship with the child, parental access must be frequent and regular" (Matter of Luke v Erskine, 222 AD3d 868, 870 [alterations and internal quotation marks omitted]). Therefore, "a custodial parent's interference with the relationship between a child and the noncustodial parent is" considered "inconsistent with the best interests of the child[ ]" (id. at 871 [alterations and internal quotation [*2]marks omitted]). "However, the presumption" that parental access is in the child's best interests "may be overcome upon a showing, by a preponderance of the evidence, that [it] would be harmful to the child's welfare or not in the child's best interests" (Matter of Cuccia-Terranova v Terranova, 174 AD3d at 529 [internal quotation marks omitted]).
In addition, "[a] court may not delegate its authority to determine parental access to either a parent or a child" (Matter of Mondschein v Mondschein, 175 AD3d 686, 687). "An access provision which is conditioned on the desires of the child[ ] tends to defeat the right of parental access" (id.). Nonetheless, "while the express wishes of [the child] are not controlling, they are entitled to great weight, particularly where [the child's] age and maturity would make [his or her] input particularly meaningful" (Matter of Gayle v Muir, 211 AD3d at 944 [alterations and internal quotation marks omitted]). "In weighing a child's expressed custody preference, the court must consider [not only] the age and maturity of the child[, but also] the potential for influence having been exerted on [him or her]. This is particularly true where there is evidence that the child's feelings were fostered by the custodial parent's hostility towards the noncustodial parent" (Matter of Brown v Simon, 195 AD3d 806, 819 [citations, alterations, and internal quotation marks omitted]).
"In reviewing custody and parental access determinations, this Court's authority is as broad as that of the hearing court. However, since the Family Court's determination depends to a great extent upon its assessment of, among other things, the credibility of the witnesses, the court's determination should not be disturbed unless it lacks a sound and substantial basis in the record" (Matter of Kim v Becker, 223 AD3d at 815 [citation and internal quotation marks omitted]).
Here, the Family Court's determination to award Kerry D. a consistent and regular parental access schedule has a sound and substantial basis in the record. The court's award of parental access "foster[ed] the best interests of the child by permitting the continued development of a meaningful relationship between [Kerry D.] and the child" (Matter of Graffagnino v Esposito, 223 AD3d 805, 808 [internal quotation marks omitted]). The court correctly concluded that Deena D. "and the attorney for the child failed, by a preponderance of the evidence, to rebut the presumption in favor of parental access" (Matter of Serrano v Abizeid, 217 AD3d 957, 958). Contrary to the contentions of Deena D. and the child, the court afforded proper weight to the child's wishes and appropriately considered them in conjunction with other relevant factors (see Matter of Lozada v Lozada, 270 AD2d 422, 422). Notably, the court, as the factfinder, found that Deena D. interfered with Kerry D.'s relationship with the child, "preclud[ing] the relationship . . . from blossoming into a deeper [parent-child] bond" (see Matter of Graffagnino v Esposito, 223 AD3d at 807; Matter of Luke v Erskine, 222 AD3d at 871). Indeed, the record indicates that Deena D. treated Kerry D. as a nonparent, even after the Court of Appeals issued its determination in Matter of Brooke S.B. v Elizabeth A.C.C. (28 NY3d 1) in 2016, which provided support for her former partner's claim of parental status. Further, both parties offered testimony at the hearing indicating that Kerry D. made consistent efforts over the years to spend time with the child and to be involved in her life in one form or another, even in the face of resistance. Relatedly, the Family Court concluded that the child's wishes appeared as though they were influenced, at least to some degree, by Deena D., and the court's finding in that regard was supported by the record (see Matter of Brown v Simon, 195 AD3d at 820-821; Matter of Clezidor v Lexune, 192 AD3d 792, 794). Since the court's determination that parental access with Kerry D. would not be harmful to the child's welfare and would instead serve her best interests has a sound and substantial basis in the record, the court's decision to award Kerry D. parental access will not be disturbed (see Matter of Graffagnino v Esposito, 223 AD3d at 807-808).
The remaining contentions of Deena D. and the child are without merit.
IANNACCI, J.P., WOOTEN, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court