Matter of Cornielle v Rosado (2024 NY Slip Op 04960)

Matter of Cornielle v Rosado

2024 NY Slip Op 04960

Decided on October 9, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
LOURDES M. VENTURA, JJ.

2023-10341
 (Docket No. V-24790-17)

[*1]In the Matter of Guaroa Eden Cornielle, appellant,
v
Yohanny Hernandez Rosado, respondent.

Lauri Gennusa, Laurelton, NY, for appellant.
Elliot Green, Brooklyn, NY, for respondent.
Linda C. Braunsberg, Staten Island, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Nisha Menon, J.), dated September 28, 2023. The order, insofar as appealed from, after a hearing, denied those branches of the father's petition which were, in effect, for sole legal and physical custody of the parties' child, awarded the mother sole legal and physical custody of the child, and directed that the father shall have parental access on alternate weekends from Saturday at 10:00 a.m. to Sunday at 7:00 p.m. and such additional parental access as agreed upon by the parties.
ORDERED that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof directing that the father shall have parental access on alternate weekends from Saturday at 10:00 a.m. to Sunday at 7:00 p.m. and such additional parental access as agreed upon by the parties, and substituting therefor a provision awarding the father four weeks of consecutive parental access with the subject child during the summer, relatively equal time during the remainder of the summer, equal access during school holidays during the school year, holidays, and special occasions, and appropriate weekend and non-overnight midweek parental access; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, to issue an order setting forth the dates of the father's summer, school holidays, nonschool holidays, special occasions, weekend, and non-overnight midweek parental access, with a provision establishing the parties' responsibility for the child's travel to and from Pennsylvania, when the child will be traveling to Pennsylvania for the access, in accordance herewith, with all convenient speed; and it is further,
ORDERED that pending the determination of a new parental access schedule, the parental access schedule set forth in the order shall remain in effect.
The parties, who were never married to each other, are the parents of a child born in 2012. In approximately 2015, the father relocated to Pennsylvania, while the child remained in New York with the mother. In September 2017, the father filed a petition, inter alia, in effect, for sole legal and physical custody of the child. After a hearing, the Family Court, among other things, [*2]denied those branches of the father's petition which were, in effect, for sole legal and physical custody of the child, awarded the mother sole legal and physical custody of the child, and directed that the father shall have parental access on alternate weekends from Saturday at 10:00 a.m. to Sunday at 7:00 p.m. and such additional parental access as agreed upon by the parties. The father appeals.
"The paramount concern in matters of custody and parental access is the best interests of the child under the totality of the circumstances" (Matter of Romero-Flores v Hernandez, 214 AD3d 882, 882). In circumstances where a parent's "relocation . . . precipitated the commencement of [a proceeding], the matter concerns an initial custody determination, and, therefore, the strict application of the factors applicable to relocation petitions is not required" (Matter of Wright v Burke, 226 AD3d 694, 695 [internal quotation marks omitted]). "Rather, the relocation is but one factor among many for the Family Court to consider in determining what is in the best interests of the child" (id. [internal quotation marks omitted]). Other factors include, "among other things, (1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well[-]being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (Matter of Haase v Jones, ___ AD3d ___, ___, 2024 NY Slip Op 04319, *2 [2d Dept] [internal quotation marks omitted]). "[T]he existence of any one factor is not determinative," however, as "[t]he court [must] consider the totality of the circumstances" (Matter of Kerry D. v Deena D., ___ AD3d ___, ___, 2024 NY Slip Op 04138, *1 [2d Dept] [internal quotation marks omitted]). "Since the Family Court's determination with respect to custody and [parental access] depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties, deference is accorded to its findings in this regard, and such findings will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Martinez v Gaddy, 223 AD3d 816, 817 [internal quotation marks omitted]).
As relevant to this appeal, "[j]oint [legal] custody reposes in both parents a shared responsibility for and control of a child's upbringing" (Matter of McFarlane v Sapeg, 225 AD3d 766, 767 [internal quotation marks omitted]). "[It] is encouraged as a voluntary alternative for relatively stable, amicable parents behaving in mature civilized fashion" (Matter of Martinez v Gaddy, 223 AD3d at 818 [internal quotation marks omitted]). "However, joint custody is inappropriate where the parties are antagonistic toward each other, do not communicate at all, and have demonstrated an inability to cooperate on matters concerning the children" (Franklin v Franklin, 199 AD3d 758, 759; see Braiman v Braiman, 44 NY2d 584, 589-590).
Here, contrary to the father's contention, the Family Court's conclusion that joint legal custody was not appropriate under the circumstances has a sound and substantial basis in the record. "Since the record establishes that the nature of the parties' relationship effectively precluded joint decision-making, there is no basis to disturb the court's determination that joint custody was inappropriate" (Matter of Haase v Jones, ___ AD3d at ___, 2024 NY Slip Op 04319, *3; see Matter of Martinez v Gaddy, 223 AD3d at 818). Further, the court's determination that the child's best interests would be served by awarding the mother sole legal custody, without awarding the father decision-making authority as to educational matters, also has a sound and substantial basis in the record (see Matter of Narine v Singh, 229 AD3d 700, 702; Matter of Upia-Parham v Parham, 222 AD3d 988, 989).
We note that on appeal, the father concedes that the Family Court properly awarded the mother sole physical custody based on the facts adduced at the hearing (see Matter of Bristow v Patrice, 221 AD3d 684, 686).
"[Parental access] is a joint right of the noncustodial parent and of the child" (Matter of Pedicini v Hull, 223 AD3d 672, 673 [internal quotation marks omitted]). "[A]bsent extraordinary circumstances, such as where parental access would be detrimental to the child's well-being, a noncustodial parent has a right to reasonable parental access privileges" (Matter of Kim v Becker, 223 AD3d 813, 815 [internal quotation marks omitted]). Nonetheless, "[t]he extent to which the [*3]noncustodial parent may exercise [parental access] is a matter committed to the sound discretion of the hearing court, to be determined on the basis of the best interests of the child, consistent with the concurrent right of the child and the noncustodial parent to meaningful time together" (Matter of Kerry D. v Deena D., ___ AD3d at ___, 2024 NY Slip Op 04138, *1 [internal quotation marks omitted]; see Matter of Roa v Marte, 171 AD3d 759, 761). Moreover, "[a] court may not delegate its authority to determine parental access to either a parent or a child" (Matter of Acosta v Melendez, 179 AD3d 912, 914 [internal quotation marks omitted]). However, in circumstances where there is "no disagreement between the parties regarding the parental access schedule and the parties [are able to] cooperat[e] with regard to same," a court may award the noncustodial parent parental access with the child as agreed by the parties (Matter of Miller v Thompson, 184 AD3d 643, 644; see Matter of Samuel v Sowers, 162 AD3d 674, 675). By contrast, "[w]here the record demonstrates animosity between the parties and an inability to cooperate, the best interests of the child[ ] generally require that the Family Court set forth a [parental] access schedule" (Matter of Samuel v Sowers, 162 AD3d at 675; see Matter of Haase v Jones, ___ AD3d at ___, 2024 NY Slip Op 04319, *4).
Here, under the circumstances established at the hearing, the Family Court's directive that the father shall have parental access on alternate weekends from Saturday at 10:00 a.m. to Sunday at 7:00 p.m. and such additional parental access as agreed upon by the parties lacks a sound and substantial basis in the record (see Matter of Kim v Becker, 223 AD3d at 815-816; Matter of Alvarado v Cordova, 158 AD3d 794, 795). The court appropriately declined to award the father midweek overnight parental access during the school year, as such an award would subject the child to a lengthy and impractical commute between Brooklyn and Pennsylvania, with minimal time left during waking hours for meaningful parent-child contact (see Matter of Yegnukian v Kogan, 179 AD3d 1082, 1084-1085). However, the court's award of overnight parental access one night every two weeks is insufficient (see Matter of Kim v Becker, 223 AD3d at 815-816; R.K. v R.G., 169 AD3d 892, 895). Moreover, the court failed to provide parental access to the father on holidays, school vacations, and special occasions, such as the child's birthday, without the consent of the mother (see Matter of Haase v Jones, ___ AD3d at ___, 2024 NY Slip Op 04319, *4).
Thus, upon remittal, the Family Court, with all convenient speed, should establish a new parental access schedule that would ensure that the bond between the child and the father is maintained without the need for the mother's consent to such parental access (see Matter of Acosta v Melendez, 179 AD3d at 914; Matter of Alvarado v Cordova, 158 AD3d at 795). Although the father's residence in Pennsylvania may be a hurdle to certain types of parental access during the school year, the court should consider the extent to which non-overnight midweek parental access between the father and the child during the school year in New York is feasible, and should set forth a specific schedule for holidays, school vacations, special occasions, and additional overnight parental access on the weekends (see Matter of Haase v Jones, ___ AD3d at ___, 2024 NY Slip Op 04319, *4; Matter of Kim v Becker, 223 AD3d at 815-816). The new schedule should award the father four weeks of consecutive parental access with the child in Pennsylvania in the summer, accommodating any summer school schedule required for the child, on dates to be determined by the court (see Matter of Haase v Jones, ___ AD3d at ___, 2024 NY Slip Op 04319, *4; Matter of Alvarado v Cordova, 158 AD3d at 795). The remainder of the child's summer break should be split relatively equally between the parties, accommodating any required summer school schedule. "The parties shall also share the child's school holiday time equally" (Matter of Haase v Jones, ___ AD3d at ___, 2024 NY Slip Op 04319, *4). Finally, the court should also implement "clear rules . . . establishing" the parties' "responsibility for ensuring the [child's] travel to and from [Pennsylvania]" (Matter of Alvarado v Cordova, 158 AD3d at 795).
The father's remaining contentions are either unpreserved for appellate review or without merit (see Matter of Martynchuk v Vasylkovska, 223 AD3d 819, 821; Matter of Goundan v Goundan, 210 AD3d 1087, 1089; Matter of Katie M. T.-J. v Jemel D.T., 206 AD3d 651, 652).
DUFFY, J.P., MILLER, CHRISTOPHER and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court