Matter of Esanbor v Ativie (2024 NY Slip Op 05599)

Matter of Esanbor v Ativie

2024 NY Slip Op 05599

Decided on November 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2023-06540
 (Docket Nos. O-8593-21, V-2680-21, V-2681-21, V-2682-21, V-6834-22, V-6835-22, V-6836-22)

[*1]In the Matter of Evelyn Esanbor, respondent,
v
Dennis Ativie, appellant. (Proceeding No. 1.)
In the Matter of Dennis Ativie, appellant,Evelyn Esanbor, respondent. (Proceeding No. 2.)

Jan Murphy, Huntington, NY, for appellant.
N. Scott Banks, Hempstead, NY (Tammy Feman and Argun M. Ulgen of counsel), for respondent.
Lawrence M. Schaffer, Plainview, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act articles 6 and 8, the father appeals from an amended order of the Family Court, Nassau County (Joy M. Watson, J.), dated June 21, 2023. The order, insofar as appealed from, after a hearing, directed that the father's parental access with the children take place solely in New York.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The primary consideration in deciding an issue of parental access is the best interests of the children (see Matter of Coull v Rottman, 131 AD3d 964, 965). "Where the court has conducted an evidentiary hearing on the issue of parental access, its findings must be accorded great weight, and its determination will not be disturbed unless it lacks a sound and substantial basis in the record" (Matter of Franklin v Quinones, 225 AD3d 759, 760). Furthermore, while the express wishes of the children are not controlling, "they are entitled to great weight, particularly where their age and maturity would make their input particularly meaningful" (Matter of Cromwell v Arnette, 216 AD3d 775, 776 [internal quotation marks omitted]). Contrary to the father's contention, the Family Court's determination that it was in the best interests of the children for parental access to take place solely in New York is supported by a sound and substantial basis in the record.
The father's contention that the Family Court violated his due process rights by not allowing a certain member of his family to testify virtually is unpreserved for appellate review (see Madden v Desmond, 39 AD3d 822, 822). In any event, the decision to allow a witness to testify virtually is a matter committed to the court's sound discretion, and the court did not improvidently [*2]exercise its discretion here (see Matter of Rodney v Piombino, 225 AD3d 603, 604; Matter of Pamela N. v Aaron A., 159 AD3d 452, 453).
CONNOLLY, J.P., FORD, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court